HEZEKIAH DAVENPORT *against* TRUMAN RUSSELL.

MOTION for a new trial.

This was an action of trespass *vi et armis*. It was alleged in the declaration, that on the 20th day of *September*, 1809, the plaintiff owned and possessed a certain dwelling-house in *East-Haven ;* that on the night following said 20th day of *September*, about 12 o'clock at night, the wife and family of the plaintiff there being in the occupation of said house, and the plaintiff being absent on a journey out of this state, (and that known to the defendant,) the defendant came to the plaintiff's said house, and with force and arms, broke and entered into said house, with intent to ravish the wife of the plaintiff; and while in said house, with like force and arms, and with the avowed intent to ravish the wife of the plaintiff, broke and entered into the bed-room where the plaintiff's wife slept, and drove her from the bed-room into the garret of the house, where she concealed herself, to escape and avoid the defendant ; and that the defendant, then and there, with like force and arms, pulled from the bed the children of the plaintiff, and threatened to destroy or kill them, and burn the house, unless the plaintiff's wife would immediately appear, and submit to his lewd and infamous proposals ; and that the defendant, then and there, broke the glass in said house, and did much injury to the same, greatly disturbed, terrified and injured the family of the plaintiff, and put in great fear and terror the wife of the plaintiff, and greatly endangered her life and health ; to the plaintiff's damage, &c.

The defendant pleaded not guilty.

On the trial, the defendant, for the purpose fo mitigating the damages, offered the testimony of a number of witnesses, to prove, that at the time of the supposed trespass, as alleged in the declaration, the wife of the plaintiff was a woman of a lewd and abandoned character. This evidence, being objected to, was adjudged to be inadmissible.

The evidence being thus rejected, the defendant claimed, that according to law, the jury could not give damages on

VOL. V. T

*In an action of trespass for breaking and entering the plaintiff's house, with intent to ravish the plaintiff's wife, the defendant offered to prove that she was a woman of lewd and abandoned character ; held, that such evidence was inadmissible.*

*In such action, the jury are not to be restricted, in assessing the damages, to the amount of the injury done to the house, merely, but may consider all the circumstances of aggravation alleged and proved ; and the court may submit the cause to their consideration, without instructing them as to the law on the question of damages.*

account of any supposed frightening of the plaintiff's wife, and that damages should be assessed only for the injury done to the house ; and requested the court so to instruct the jury. But the court in their charge omitted to direct the jury on this point, and instructed them, that there was no principle of law involved in the case, on which it was necessary to direct them, as to the amount of damages; and referred the cause to their consideration, without any direction, whatever, as to the law relating to this question. The jury, accordingly, returned their verdict for the plaintiff, with 50 dollars damages. Whereupon, the defendant moved for a new trial, on the ground, that the court erred in rejecting the evidence; and also, in their omission to charge the jury on the question of law relating to damages, as above stated. These questions were reserved for the consideration of the nine judges.

*N. Smith* and *L. E. Wales*, in support of the motion, contended,

1. That the evidence relating to the character of the plaintiff's wife, ought to have been admitted, for the purpose of mitigating the damages. 1 *East's* P. C. 445. *Bull.* N. P. 27, 28. 2 *Swift's Syst.* 60, 63.

2. That the court ought to have instructed the jury on the question relating to damages. The circumstances of aggravation alleged in the declaration, were either material or immaterial; if material, the evidence offered to prove the character of the wife, ought to have been admitted ; if otherwise, it was incumbent on the court to have instructed the jury to lay such circumstances out of the case.

*Daggett* and *Staples*, contra.

They contended in the first place, that the evidence offered by the defendant, was properly rejected. *Bull.* N. P. 89.

2. In relation to the question of damages, the case of *Churchill* v. *Watson*, (*vid. ante*, page 140.) is conclusive.

EDMOND, J. The grounds on which the defendant founds his claim for a new trial, as presented by his motion, are,

1. That the court erred in rejecting the testimony of competent witnesses offered by him, on the trial, to prove that the wife of the plaintiff, at the time the trespass was alleged to have been committed, was a women of a lewd and abandoned character; which testimony was offered to mitigate the damages, as well as for other purposes.

2. That after the exclusion of such testimony, the defendant claimed the law to be so, that the jury ought not to give any damages for the supposed frightening of the wife, but only for the injury done to the house; and that the court did not charge the jury upon that point of law, but instructed them, that there was no principle of law involved in the case, which made it necessary to instruct them relative to the amount of damages.

To determine whether the charge was correct, it is necessary to look at the declaration, and see what is the nature and substance of the action.

The declaration states, that the defendant, at 12 o' clock at night, on the 20th day of *September*, in the absence of the plaintiff, (and that known to the defendant,) with force and arms, broke and entered the plaintiff's dwelling-house, with intent to ravish the plaintiff's wife, and while in said house, with like force and arms, and with the declared intent to ravish the plaintiff's wife, broke and entered the bed-room where his wife slept, drove her from the bed-room into the garret of the house, where, to avoid the defendant, she concealed herself; and then and there, while in said house, with like force, pulled the children out of bed, and threatened to kill them, and burn the house, unless the wife would appear and submit to his lewd and infamous proposals; and then and there broke the glass in the house, and did much injury to the same, and greatly disturbed, terrified and injured the plaintiff's family, put his wife in fear, and endangered her life and health, &c.

This is, clearly, an action for breaking and entering the plaintiff's house, breaking and entering the bed-room, and breaking the glass. The other facts are not stated, as the ground of the plaintiff's right of action; they are not

laid with a a *per quod servitium amisit*, or *per quod consortium amisit*, but as a further description, to shew the nature and enormity of the trespass; and under this declaration, the plaintiff would not be permitted to prove the loss of service of his children, or the comfort, society and aid of his wife. *Salk.* 643. Yet, the pulling the children from the bed, threatening to burn the house, to ravish the wife, and other circumstances mentioned in the declaration, might be proved to aggravate the damages for the trespass of breaking the house; were it otherwise, the amount of damages must be the same, for raising a latch and entering a house without licence, as for a like entrance accompanied with the most aggravating circumstances,—a doctrine too extraordinary to need refutation. If this view of the action is correct, it would have been error to have charged the jury as claimed by the defendant: the omission, therefore, to charge on this point, was no injury to the defendant, and affords no reasonable ground for granting a new trial.

On the point respecting the exclusion of testimony, I see nothing in the declaration to warrant the putting the character of the wife in issue. It is said, indeed, that the plaintiff has alleged, as a circumstance to aggravate damages, that the defendant entered with intent to ravish, and that the defendant has a right to prove, in mitigation, any thing which tends to shew that he did not enter the house with that intent; and that for this purpose, he had a right to prove that the wife was a woman of a lewd and abandoned character; that this being proved, it would raise a strong presumption, that he did not enter with that intent. To this, it is a sufficient answer to say, admitting her to be a woman of the character described, it would furnish no such presumption; though it might, indeed, lead to a conjecture, if he knew her character to be that of a lewd woman, that he might expect less resistance in the accomplishment of his object, than he would have expected in an attempt upon a woman of unshaken constancy and virtue.

Again, it is said, wherever, in any case, it is proper to consider circumstances of injury to the wife and daughter, to en-

hance the damages, the character of the wife or daughter is to be enquired of, that the value of the thing injured may be ascertained. This position, I think, is not correct, to the extent to which it is claimed ; nor, is the inference applicable to this case. Though no action lies for the master, for the battery of the servant, without a *per quod servitium amisit ;* yet, in trespass for breaking a man's house, and beating his servant, without laying *per quod servitium amisit,* the beating of the servant may be averred, or if omitted, may be given in evidence under *alia enormia,* to aggravate the damages, and to shew the extent of the injury ; yet, the worth of the servant, or the value of his services, could not be a subject of enquiry.

So, if a man get the maid or daughter of another with child, trespass will not lie for it, without a *per quod,* &c. yet, if the person who did the act, entered the house without leave, or against the will of the owner, he may bring trespass without a *per quod,* &c. and add this by way of aggravation. Yet, I apprehend, the character of the maid or daughter, could not be called in question, in such action ; because, the getting with child, is not specially laid as a ground of damages, but as a circumstance to shew the aggravated nature of the trespass.

Actions of this kind, differ materially from actions on the case, brought by the husband for seducing his wife, or by the father for debauching his daughter. In the former, *per quod consortium amisit,* is the gist of the action, and what constitutes his right of recovery, is the corrupting the body and mind of the wife, by which, she becomes less capable of rendering him that aid, and of performing those duties, which she owes, as a wife, to her husband, and to which he has a just claim ; and on this ground, the reputation of the wife is fairly put in issue ; for if the defendant can shew, that before, and at the time of the act charged, she was corrupt both in body and mind, he shews a fact, which goes directly to negate the fact on which the plaintiff relies for damages.

The same reasoning will apply in an action for debauching a daughter, *per quod,* &c. The *per quod,* does not relate mere-

ly to menial offices ; the services of a dutiful and virtuous daughter, in the family of her father, are of inestimable value ; to these he has a just claim ; but if the defendant can shew, that he found the daughter already corrupt, the father must be contented with such damages as the services of such a daughter are worth.

For these reasons, I am satisfied, that the testimony offered to prove the character of the wife, was properly rejected ; and that a new trial ought not to be granted.

The other judges concurred in this opinion.

New trial not to be granted.