## Case No. 7,741a.

KETELTAS et al. v. RAFT OF TIMBER.

[Betts, Scr. Bk. 139.]

District Court S. D. New York. 1848.

SALVAGE—RIGHT TO SALVAGE COMPENSATION.

[Towing a raft of timber to a place of safety, and securing it there, so preventing its drifting out to sea, is salvage service.]

[This was a libel for salvage by John S. Keteltas and four others against a raft of timber.]

BETTS, District Judge. Suit for salvage, in recovering the raft worth $600 or $800 drifting out to sea, below the Narrows. Half or one-third the value of the timber was claimed as salvage compensation. Held, on the pleadings and proofs, that this was a case of salvage service, but of a very low order. Held, that the claimants did not proffer a reasonable reward to the libelants, if · they can be fairly regarded as having made any serious offer of compensation. The services rendered by the libelants were prompt and beneficial to the claimants, as without their interference there is reasonable ground to .infer the raft would have floated out to sea and been lost; or, at least, the claimants would have been exposed to trouble and heavy expense in recovering it. But the services were but very slight in themselves, consisting of towing the raft half a mile, mostly by one person with a small boat, aided part of the way by two other small boats. The chief labor was in securing the logs on the beach and watching them there. Fifty dollars salvage and costs awarded.

## Case No. 7,742.

KETLAND v. BISSETT.

[1 Wash. C. C. 144.] 1

Circuit Court, D. Pennsylvania. Oct. Term, 1804.

PRACTICE AT LAW—DEPOSITIONS—INCOMPLETE ANSWERS—GENERAL INTERROGATORY.

1. The character of the defendant not being impeached, evidence to support it cannot be admitted.

[Cited in Fahey v. Crotty, 63 Mich. 388, 29 N. W. 878.]

2. It seems that depositions sworn to, but not signed by the witness, may be read in evidence.

3. Each interrogatory in a commission should be answered separately, at least in substance; and the omission of such answers is fatal to the whole commission; although the witness in answering the general interrogatory, says that he knows nothing further material to either party.

The plaintiff directed defendant to ship for him good Madeira wine, for the Bombay market; he shipped the wine, and the only question was, whether he had shipped such wine as was directed; the plaintiff alleging that it was unsound, would not sell at Bombay, and was necessarily carried to Calcutta, where it was sold for one hundred rupees less, than a cargo of indifferent wine, carried to Bombay, at the same time, was sold for.

·.On the trial, the following points of evidence were decided: (1) That the defendant's character not being impeached, evidence by the defendant to support his character was improper. (2) Depositions were offered, and objected to, because not signed by the witnesses. Evidence being given that the opposite counsel had waived the objection, WASHINGTON, Circuit Justice, admitted the depositions, and observed, that he was inclined to think, that without the waiver, the objection was not good, but gave no opinion. (3) The depositions are in answer to interrogatories, but many of them are not answered or noticed. The answer to the general interrogatory, is in the usual way, that the witness knows nothing farther, &c. The whole commission was objected to, for this reason. THE COURT thought the objection good; each interrogatory should be answered, at least in substance, and not to have examined the witnesses to each, is fatal to the whole commission.