Miller, J.
*547 1. evidence : pre°uSoeíout *546 I. Tbe errors assigned by plaintiff consist of rulings of tbe court, as shown by bibs of exceptions *547 marked “ A,” “ B,” “ 0,” “ D,” “ E ” and “ F.” The exception marked “ B ” is expressly waived by plaintiff’s counsel.
Exceptions “ A ” and “ C ” are to the admission of testimony offered by defendant to show the character of plaintiff’s portion of a partition fence between the parties, and of evidence to show that plaintiff’s mules were breachy.
The plaintiff’s counsel in his argument insists that evidence of the character of plaintiff’s mules was entirely irrelevant. “ That the damage would not have been greater however bad the character of the mules; nor would it have been less had their character been good.” If this is correct then the plaintiff could not be injured by the admission of the evidence. It was error without prejudice and not ground for reversal.
2. trespass : feasant den00- • The objection of plaintiff to the admission of evidence,, showing the character of plaintiff’s fences, and that the mules came upon defendant’s premises through said fences is, that the damages in all such cases must be assessed by the fence viewers and are not the subject of a civil action; and we are cited to section 1551 of the Revision in support of this position. That section is, that “ the fence viewers shall in all cases be the appraisers and shall find and certify the amount of damage done by the beasts.” By turning back to the first section of the same chapter, section 1518, we find it enacted that “ Whenever any person is injured in his land by any kind of domestic animal, he may recover his damages by am, action agadnst the owner of the beasts, or by distraining the beasts doing the damage.” Here are two distinct and separate remedies given, by which the person injured may recover his damages. He may pursue either. If he pursues the former and brings his action, it is to be governed by the ordinary rules of a common-law action for damages in regard to. proof, etc. But he may elect *548 to distrain and in such case the statute provides. § 1550. “If the person injured elect to distrain the beasts he shall proceed, as directed in the chapter concerning stray-beasts, except as herein otherwise provided.” Then follows section 1551: “ The fence viewers shall, in all cases, be the appraisers, and shall find and certify the' amount of damages,” etc. By the chapter concerning strays the damages are not assessed by the fence viewers. In distraining under section 1550, the party must proceed as directed in the chapter concerning stray beasts, except as otherwise provided. The next section contains one of the exceptions, namely, that the fence viewers in all cases (where animals have been distrained under the preceding section) shall be the appraisers. It was not intended to give a party his right of action for the recovery of his damages and, at the same time, withhold the right to prove the measure of those damages by the ordinary character of evidence. The damages are to be ascertained by the fence viewers only when the party injured distrains the beasts. This is the manifest import of the statutes.
There was no error in the admission of this evidence, nor in the refusal of the court to give the 15th instruction asked by plaintiff bearing on the same point.
3. evidence: assault and battery. II. The next question presented in plaintiff’s argument arises upon the admission of evidence to show that the defendant was a peaceably disposed man, and . ,7 „ 7, upon an instruction as follows:
“ The fact that defendant may be usually a peaceably disposed man, and may have a good reputation as such, is no justification for the assault upon plaintiff.” This the court gave to the jury with the following modification: “ But it may be considered by the jury in rebutting the presumption of malice, and in mitigation of vindictive or exemplary damages.”
In civil cases, evidence of general character is admissible, where the nature of the action involves the general *549 character of the party or goes directly to affect it. And, generally, in actions of tort, whenever the defendant is charged with fraud from- mere circumstances, evidence of his general good character is admissible to repel it. 1 Greenlf. Ev., § 54. But this kind of evidence is not admissible, wherever the general character is involved in the plea only, and not by the nature of the action. Nor is it received in actions for assault and battery; nor in assumpsit, nor in trespass on the case for malicious prosecution. Id. §55, and cases cited. See also Anderson's Executors v. Long, 10 Serg. & Rawle, 55; Fowler v. Ætma Fire Ins. Co., 6 Cow. 675 ; Humphery v. Humphery, 7 Conn. 117.
i. tender: judgment. follows: III. After the rendition of the verdict for plaintiff, for $8.00 damages, the defendant made a motion that the court order the costs to be taxed to the plaintiff, based on an offer to compromise as

“ To Royal B. Quinton.

“ Sir : "While I do not admit that I am indebted to you in any sum by way of damages or otherwise, in the suit you brought against me in the court at Keokuk for an alleged assault and battery, yet, for the purpose of buying my peace and saving further trouble and litigation between us, I will pay you $50 and costs of suit, if you will agree to dismiss said suit and not prosecute me further therein.
(Signed) • “S. M. VAN TUYL.
“ January 30, 1869.”
Which said offer to compromise said Quinton declined to accept.
The court overruled said motion, and taxed all the costs against Van Tnyl, from which order he appeals.
The defendant insists that he was entitled to the benefits oí section 3405 of the Revision, which is as follows:
*550 “In an action for the recovery of money only, the defendant may, at any time after the service of notice, and before the trial, serve on the plaintiff or his attorney an offer, in wilting, to allow judgment to be rendered against him for the sum of money, or to the effect specified in the notice, and costs. If the offer is accepted by the plaintiff, and he give notice of his acceptance to the defendant or his attorney within five days after the offer is made, the notice, and an affidavit that the notice of acceptance was delivered within the time limited, may be filed by the plaintiff with the clerk, or the defendant may file the acceptance with a copy of the offer, verified by affidavit; the clerk in either case must enter the offer and acceptance upon the record, and judgment must be rendered by the court thereon accordingly. If the notice of acceptance is not given within the five days, the offer will be deemed withdrawn, and cannot be given in evidence or mentioned on the trial. If the plaintiff fails, upon a trial, to recover more than was offered by the defendant, he cannot recover costs, but must pay the defendant’s costs from the time of the offer.”
By this section of the statute a defendant may offer, in writing, to let judgment be rendered for such sum and costs accrued as he deems just. If the plaintiff accepts the offer, judgment is to be rendered for the amount of the offer and costs, thereby putting an end to the litigation between the parties. If the plaintiff refuses the offer and on a trial recovers a less sum, he must pay the costs, etc. This is a wise and just enactment, and the courts will give it effect whenever a case comes within its provisions. But there must be at least a substantial compliance by the party claiming the benefits of the law. In the case before us, the offer of defendant is not a compliance with the statute. The offer is to pay a sum of money and costs if the plaintiff will dismiss his action, etc. Had this offer been accepted, the plaintiff could have brought an action to compel payment. But this is not what the statute contem *551 plates. Its sole object is to lessen rather than increase litigation.
Hence, it requires that the offer shall be “ to allow judgment to l>e rendered agcdnst hi/m!' for the sum named and costs, in the action then pending, with a view to put an end to the litigation between the parties. An offer in writing to pay in ease plaintiff will dismiss his suit is in no respect a compliance with the statute; nor is it equivalent to an offer to allow judgment to be rendered against him. The former, if accepted, is only a mere promise to pay money, involving an action to obtain a judgment thereon; the latter is the end of litigation which is contemplated by the statute, and, in order to obtain the benefits of the statute, the offer must be to allow judgment to be entered against the party making the offer for the amount he may name and costs accrued up to the time of making the offer.
The judgment of the district court on defendant’s appeal is affirmed, and on the plaintiff’s appeal it is reversed and a new trial ordered.
Reversed.