# CHARLES DROHN

*v.*

# WILLIAM BREWER.

1. EVIDENCE—*cross-examination.* On the trial of an action for assault-ing and beating the plaintiff, the defendant, on the cross-examination of some of plaintiff's witnesses, asked them to state the habits of the plain-tiff as to sobriety, prior to and since his injury, to which the court sus-tained objections: *Held,* that the decision was proper, as the proof sought was not proper to be called out on cross-examination.

2. SAME—*habits of plaintiff for sobriety.* In an action to recover dam-ages for an assault and beating the plaintiff, producing a severe, if not permanent, injury, proof of the habits of the plaintiff for sobriety prior to the injury affords no justification, and when proposed without any expla-nation, or offer to follow it with proof that such habits contributed to the sufferings and injury of the plaintiff, it is not error to exclude the same.

3. EXEMPLARY DAMAGES. Exemplary or vindictive damages may be given where the act complained of is committed or accompanied with malice, violence, oppression, or wanton recklessness. In an action for an assault and battery, it is therefore no error to refuse an instruction that the plaintiff can not recover exemplary damages, unless the assault was malicious.

4. Even if an assault is made with considerable provocation, and without malice, yet, if it is of a wanton, gross and outrageous character, the party assaulted may recover exemplary damages.

5. INSTRUCTION. An instruction should be based upon evidence. In an action for an assault and battery it is no error to refuse to instruct the jury not to assess exemplary damages, if the assault was made with con-siderable provocation and without malice, where there is no proof tend-ing to show any provocation.

6. It is not error to refuse an instruction which singles out one fact in the case and brings it prominently before the jury, or has no direct bearing on the real facts of the case.

7. EXCESSIVE DAMAGES—*assault and battery.* Where the proof showed that the defendant assaulted the plaintiff in a brutal manner, striking a number of heavy blows upon the head with a heavy padlock, to which was attached a chain eight or ten inches long, without any reasonable cause or palliating circumstances, producing a severe and dangerous illness for a number of weeks, and possibly inflicting a permanent injury, it was *held,* that $2750 damages could not be regarded as excessive.

APPEAL from the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. CREA & EWING, for the appellant.

Mr. A. B. BUNN, and Mr. I. A. BUCKINGHAM, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of trespass, commenced in the circuit court of Macon county, by William Brewer against Charles Drohn, to recover for injuries done to the person of the plaintiff by the defendant.

The cause was tried before a jury, and the plaintiff's damages assessed at $2750. The court overruled a motion for a new trial, and rendered judgment upon the verdict.

Three grounds are relied upon by the defendant to secure a reversal of the judgment:

*First*—The court refused to admit competent testimony offered by defendant.

*Second*—The court erred in refusing instructions asked by defendant.

*Third*—The judgment is excessive.

It is shown, by the evidence preserved in the record, that on the 29th of March, 1873, the defendant, without provocation, assaulted the plaintiff, and struck him with a padlock a number of heavy blows upon the head, inflicting several severe wounds on the skull, which caused erysipelas, from which the plaintiff suffered several months.

The evidence tended to show that the injuries received were of a dangerous character, and would, in all probability, be of a permanent nature; that in consequence of the injuries, the plaintiff had incurred heavy medical bills, and had been, and probably would continue, unfit to perform labor as he had done before the injuries were received.

The evidence offered by the defendant which the court excluded, was of this character: On cross-examination of some of plaintiff's witnesses, they were asked to state the habits of the plaintiff as to sobriety, prior to and since he was injured.

Whether this evidence was competent for the defense, it is not now necessary to decide. It was clearly no part of the cross-examination, and could not be called out on cross-examination in the manner attempted by the defendant.

One witness was, however. called for the defense, and the following question asked: State what plaintiff's habit had been for sobriety, for several years? The court refused to allow the question to be answered.

When this question was asked. no explanation was given to show its object, or in what manner it was or could be material. It was not, neither can it, upon any well settled principle, be pretended that the proof offered could be any justification for the assault.

Had the proof been offered with a distinct statement that it was to be followed with other evidence to establish the fact that the personal injuries from which the plaintiff was suffering were to be attributed. in whole or in part, to the excessive use of intoxicating drinks, and not to the blows received from the defendant, then the defendant would have been in a position to have raised the question here whether the offered evidence was proper or not.

The defendant's fifth instruction was as follows:

"The court instructs the jury, that they should not assess anything against the defendant as exemplary damages, unless they believe, from a preponderance of the evidence in this case, that the defendant maliciously assaulted the plaintiff."

This the court refused to give, but modified it by striking out the word "maliciously," preceding the word "assaulted," and added, after the word "plaintiff," the words "without any justifiable cause."

The instruction as asked was not the law. Exemplary or vindictive damages may be given where the act committed was accompanied with malice, violence, oppression, or wanton recklessness. *City of Chicago* v. *Martin*, 49 Ill. 241; *Hawk* v. *Ridgway*, 33 Ill. 475; *T., P. and W. R. R. Co.* v. *Patterson*, 63 Ill. 307.

Under the instruction as asked, the trespass complained of may have been committed with great violence, oppression, or wanton recklessness, and yet no recovery could be had except for actual damages.

The defendant also requested the court to instruct the jury as follows:

"The jury are instructed that if they believe, from the evidence, that the defendant assaulted the plaintiff, still, if they believe, from the evidence, that such assault was made with considerable provocation, and without malice, the jury should not assess against the defendant exemplary damages."

Which said instruction the court modified by striking out the words, "not assess against the defendant exemplary damages," and adding in lieu thereof the words, "consider that fact, if shown by the evidence, in determining the damages."

It would not have been proper to have given the instruction as asked, for two reasons:

*First*—Because there was no evidence before the jury which tended to show that there was any provocation for the assault, and hence there was no evidence upon which to base the instruction.

*Second*—If, however, the assault was made with considerable provocation and without malice, and yet, if the assault was of a wanton, gross and outrageous character, which the evidence tends to establish was the case, then the plaintiff might recover exemplary damages. Sedgwick on Damages, 6th Ed. 568.

The court refused defendant's seventh instruction.

In this we perceive no error. The instruction was liable to the objection that it singled out one fact in the case, and brought it prominently before the jury; but, aside from this, the instruction had no direct bearing on the case, and had it been given it could not have changed the result of the verdict.

The last point relied upon by the defendant is, the damages are excessive.

The amount of damages to be recovered in an action of this character rests so much in the discretion of the jury, that the verdict will not be disturbed on the ground that the damages are excessive, unless it is manifest the jury have been governed by passion, partiality or corruption. *McNamara v. King*, 2 Gilman, 432.

The evidence shows the defendant, in a brutal manner, assailed the plaintiff, striking him a number of heavy blows upon the head with a heavy padlock, to which was attached a chain eight or ten inches long, without any reasonable cause, and without any attending circumstances to justify or excuse the act, the result of which was, a severe and dangerous illness for a number of weeks. When the cause was on trial in the circuit court, the plaintiff had not recovered from the effects of the injuries received, and it does not appear from the evidence that he ever will recover.

Under these circumstances, we can not say the jury were governed by passion or partiality, and we see no reason for disturbing the judgment. It will be affirmed.

*Judgment affirmed.*