## REDDIN v. GATES.

1. **Damages:** ASSAULT AND BATTERY: EXEMPLARY DAMAGES. In an action to recover damages for an assault and battery, where the battery followed immediately upon the assault, it was held competent to consider the excessive nature of the battery as bearing upon the question of exemplary damages, and that such question was properly submitted to the jury.

2. ——: ——: MALICE. It was not erroneous to charge the jury that malice might be inferred from the circumstances attending the act.

3. ——: ——: CHARACTER. The court correctly charged the jury that evidence of defendant's generally peaceable character should not be considered as rebutting malice, or in mitigation of damages.

4. ——: ——: EVIDENCE. A ferreotype of plaintiff, taken shortly after the battery and showing his injuries, after being properly identified, was admissible in evidence, and the weight to be given it was a question for the jury to determine.

5. ——: ——. The amount of compensatory damages to be allowed in such case is a matter resting in the sound discretion of the jury.

6. ——: ——. The amount of a fine paid by defendant upon a conviction for the offense in a criminal prosecution was not proper to be considered in mitigation of either compensatory or exemplary damages.

*Appeal from Clinton Circuit Court.*

SATURDAY, OCTOBER 25.

THE petition states that the defendant "did maliciously, wantonly and oppressively assault and beat said James Reddin with a whip commonly called a rawhide, * * * in a cruel, malicious and wanton manner, with intent to disgrace."

There was a trial by jury, verdict and judgment for the plaintiff for five hundred dollars. The defendant appeals.

*Kirke W. Wheeler*, for appellant.

*Merrell & Howat*, for appellee.

SEEVERS, J. The evidence tended to show that early in the morning, while the plaintiff was in bed, the defendant caught hold of and raised him up to a sitting position, and whipped him over the back and shoulders with a small "raw-hide." Plaintiff had no clothing on his person, but did what he could to screen himself with the bed clothing. The plaintiff's back and shoulders were black and bruised, and there were cords or welts caused by the whipping. The skin was lacerated in more than one place from two to six inches in length. Blood exuded and there were forty or more blows struck. There was a scar on plaintiff's back at the trial, which was two years after the whipping. The plaintiff testified that at times there was pain in the region of the scar, and that he was troubled with shortness of breath. There was evidence tending to show that this could not have been the result of the whipping. The plaintiff was confined to his bed for a short time, but there was evidence tending to show that he probably entirely recovered from the effects of the whipping in about ten days.

The evidence further tended to show that defendant did not know plaintiff did not have any clothing on, and that plaintiff was an employe of defendant; a portion of his duties being to milk cows, drive them to the pasture, and feed hogs. These duties he on one occasion neglected to perform. For such neglect he received the whipping. The age of the plaintiff does not distinctly appear, but counsel for appellant say he was a " minor nearly of age, and a large, vigorous, stalwart young man, on whom his mother was dependent in a measure for her support." The defendant is over six feet high and weighed two hundred pounds.

Thirty-four errors were assigned. All are to some extent insisted on in argument. Several relate to the same thing and may be said to be a statement of different reasons why the same result should be reached. We cannot undertake to discuss all the reasons set forth but will endeavor as briefly as may be to determine the important errors relied on.

I.　Fourteen of the errors present the question in various forms that there was not sufficient evidence to warrant the court in submitting the question of exemplary damages to the jury.　It is said the assault must be malicious, and that evidence that the battery was excessive had no tendency to establish that fact.　That the jury were fully warranted in finding the battery was excessive, even if the assault was justifiable, we have no hesitation in affirming.　As bearing upon the question of malice, all the circumstances surrounding the transaction as a whole may be introduced, and should be considered by the jury.　There cannot be even a well grounded pretense that the assault and battery was justifiable.　There was no appreciable difference in point of time between them.　The attempt to attach a consequence to one essentially different from the other is futile.　Every one is presumed to intend the necessary consequences which follow a given act; therefore, the intent of the act may be, and should be, determined from the excessiveness of the battery which immediately followed.　There was no error in submitting the question of exemplary damages to the jury.

*1. DAMAGES: assault and battery: exemplary damages.*

II.　The court charged the jury that malice might be inferred from the circumstances, and if the defendant assaulted and beat the plaintiff, without just cause and provocation, the assault and battery would be malicious.　Substantially the same instruction was approved by this court in *State v. Hessenkamp*, 17 Iowa, 25, and *McCord v. High*, 24 Id., 336.　There is nothing in this case which makes it an exception to those cited.

*2. ——: ——: malice.*

III.　The instructions in relation to damages accord with *Hendrickson v. Kingsbury*, 21 Iowa, 379; *Garland v. Wholeham*, 26 Id., 185; *Guengerich v. Smith*, 36 Id., 587, and *Ward v. Ward*, 41 Id., 686.　This is substantially conceded by counsel, but it is insisted the facts in the case at bar are different.　This is true; the facts in no two cases are usually precisely the same.　They are, however, governed by the same rule of law.　The application of the fact thereto is for the jury.　In legal acceptation there is not a particle of difference between this case and those cited.

IV. The defendant gave evidence tending to show that his general character as a quiet, orderly and peaceable man was 3. ——: ——: good. The court charged the jury that such evidence would not justify the assault and battery, and should not be considered by them in rebutting malice or in mitigation of damages. This instruction accords with *Quinton v. Van Tuyl*, 30 Iowa, 554. It is doubtful whether the evidence was admissible for any purpose. *Bays v. Herring*, 51 Iowa, 286.

*character.*

V. At the instance of the defendant the plaintiff's back and shoulders were exhibited to the jury, and the plaintiff introduced as evidence against the objection of the 4. ——: ——: defendant a ferreotype showing the condition of his *evidence.* back three days after the battery. The person who took the picture testified it was a correct representation of the plaintiff's back at the time it was taken If it had been possible it would have been competent for the jury to have examined the back at the time the picture was taken, for the purpose of more readily understanding the other evidence. The ferreotype was, therefore, admissible. *Locke v. The S. C. & P. R. Co.*, 46 Iowa, 109; *Blair v. Pelham*, 118 Mass , 420; *Uddenfook v. Commonwealth*, 76 Pa. St., 340.

The defendant asked the court to instruct the jury that the weight to be given to such evidence was "meagre and slight." This was a question for the jury, not the court.

VI. The court instructed the jury that the evidence must show, beyond a reasonable doubt, that the plaintiff was assaulted and injured substantially as stated in the petition. This instruction is favorable to the defendant, but as it constitutes the law of this case it is insisted there was not sufficient evidence to warrant the jury in finding the assault was malicious. In this we do not concur, but think the evidence was not only sufficient in this, but in every other respect.

VII. An instruction that the "provocation and cause of said whipping of the plaintiff did not and do not justify the defendant in assaulting and whipping the plaintiff as alleged" was given. In this we fully concur. A provocation that would justify a killing might possibly justify this assault and

battery, but we are not prepared to say anything short of that would.

VIII.  The court in the instructions correctly defined actual, compensatory and exemplary damages, and said the latter might be given in addition to compensatory damages.  This is said to have been erroneous because no evidence was introduced entitling the plaintiff to compensatory damages.  By this we understand counsel to mean there was no evidence showing the amount of such damages in dollars and cents.  But the plaintiff testified he suffered pain, and this must have been necessarily so.  No estimate in dollars and cents can be placed thereon by witnesses. The amount to be allowed therefor is within the sound discretion of the jury.  That pain and suffering constitute an element of compensatory damages has never been doubted.  A majority of this court went farther than this in *McKinley v. The C. N. W. R. Co.*, 44 Iowa, 314.

IX.  The defendant was prosecuted criminally for the assault.  He was fined and he paid the fine.  The defendant asked the court to instruct the jury that the fine paid might be considered in mitigation of damages, and in another instruction asked that the jury be directed to consider the same in determining the amount of exemplary damages.  Both these instructions were refused. This action of the court is said to be erroneous.  In support of this position *Cook v. Elles*, 6 Hill, 466; *Cole v. Tucker*, 6 Texas, 266; *Wilson v. Middleton*, 2 Cal., 54; and *Corwin v. Wilton*, 18 Mo., 71, are cited.  Some of these cases must have been inadvertently cited, for as we understand them they are in direct opposition to the proposition they are cited to sustain.

Whatever may be the rule in other states, in this it is settled in accord with the instructions.  *Hendrickson v. Kingsbury*, 21 Iowa, 379; *Guengerich v. Smith*, 36 Id., 587.

X.  The question asked the plaintiff on cross-examination and which was objected to on that ground, was properly excluded.  The following question was asked a witness:

"State whether or not there were lashes there six inches in

length where the skin had been cut so deeply the blood had come out and was gathered in large cords."

It was objected to because leading, and the objection overruled. The witness answered as follows:

" My recollection at the present time is that there were cuts there that were fully six inches in length, where the skin had been broken. In regard to gathering in cords I should not be so particular about. This whole transaction has gone entirely out of my mind. When I was subpœnaed to come here this morning, at first I had doubts that I had seen anything in the case at all."

In the examination of witnesses much is left to the discretion of the trial judge. In some cases leading questions are allowable: 1 Greenleaf Ev., § § 431, 435. Conceding the question to be leading we should be unwilling to reverse for that cause unless it appeared from the answer of the witness, that he was influenced in making it by the form of the question. We think it is entirely clear the effect of the question on the witness was no greater than it would have been if his. attention had been directed in much less pointed terms to the subject or thing about which he was desired to speak. 1 Greenleaf, § 434.

The result is the judgment below must be

AFFIRMED.