JOHN S. SOWELL *v.* WILLIE McDONALD, BY NEXT FRIEND.

1. EVIDENCE. *Action for assault and battery. Good character.*
   In the trial of an action to recover damages for an assault and battery by the defendant on the plaintiff, evidence of the good character of the defendant for peace and good order is inadmissible.

2. ASSAULT AND BATTERY. *In whipping another's child. Provocation. Action for damages.*
   An infant about five years of age committed a violent and brutal assault and battery upon a child eighteen months old. The father of the latter then caught the former and whipped him severely. He then, by his next friend, brought an action to recover damages for the assault and battery, or whipping, inflicted upon him by the man, who was not his father nor guardian. The jury rendered a verdict in favor of the paintiff for $100, and the court refused to set it aside. *Held,* that the verdict was well warranted by the evidence. The provocation, though great, did not justify the whipping; and the right to protect his own child did not authorize the defendant to punish the plaintiff for having maltreated it.

ERROR to the Circuit Court of Marshall County.

Hon. J. W. C. WATSON, Judge.

The case is sufficiently stated in the opinion of the court.

*Fant & Fant,* for the plaintiff in error.

1. The court below ignored the principle of law which allows a man to strike in defence of himself or his family, or even of a stranger. We see no good reason why this principle may not be applied to offences by minors, provided the force used in defence is no greater than is necessary to overcome

the assault first made.    All of the transactions involving the punishment of the defendant in error and the provocation therefor are so near together and so connected that they constitute one affair.    He made the first assault, and when in turn he was assaulted, he was not nearly so badly injured as the child of the plaintiff in error.    In criminal cases, insulting words alone may be proven in excuse of the offence charged. Code 1871, sect. 2871.

2. The court erred also in excluding the testimony offered to prove the character of the plaintiff in error for being peaceable and orderly.    In this case there was, according to the evidence, no actual damage — no doctor-bills, no medicine bought, no loss of time.    It was not a proper case for exemplary or vindictive damages.

*Watson & Smith,* for the defendant in error.

1. The law was correctly expounded on both sides of the case in the court below; and, the case being one peculiarly within the province of a jury to decide, the verdict should not be disturbed by this court.

We admit that there was great provocation for the assault and battery committed by the plaintiff in error, but the mother of the defendant in error was the proper one to punish him.    If this court should hold that a man, a stranger, has the right under any circumstances to punish, by whipping, the five-year-old child of another, it would be to announce a very dangerous doctrine.    It is a case of a private individual taking the law into his own hands for the sole purpose of revenge, and is not to be tolerated.

2. The court did not err in excluding the testimony offered to prove the good character of the plaintiff in error.    A person of good character has no more right to commit the act here complained of than the " veriest wretch unhung."

Under the law as settled in this State, the plaintiff in a case like this one is not limited in his recovery to mere compensatory damages, but he may recover punitive damages.

George, J., delivered the opinion of the court.

The plaintiff in error was sued in trespass for an assault and battery on the defendant in error. The jury assessed the damages at $100. A motion for a new trial was overruled. It is now insisted that the verdict should be set aside because the court rejected evidence offered by the plaintiff in error of his good character for peace and good order. The evidence was rightly rejected. The character of the defendant was not involved in the suit. The character of the parties was wholly irrelevant, and evidence thereof was therefore inadmissible. There are some exceptions to the general rule excluding evidence of character in civil actions, but this was not one of them. See 1 Whart. on Ev., sect. 47 *et seq.*; 1 Greenl. on Ev., sect. 55.

The verdict was well warranted by the evidence. The defendant in error was an infant about five years of age, and had just committed a violent and brutal assault and battery on the plaintiff in error's child, only eighteen months old, when plaintiff in error caught him and whipped him severely. There was great provocation, but no justification for the whipping. The right to protect his own child did not confer on the plaintiff in error the right to punish the party who had maltreated it.

The judgment is affirmed.