## Sarah J. Fahey v. Thomas Crotty.

*Title to land—Judgment in trespass as evidence—Assault and battery—Character and reputation of parties— When testimony admissible.*

1. Plaintiff's father and defendant were adjoining land-owners, and during a controversy over the location of a *line* fence plaintiff was injured by defendant, and brought an action on the case for damages. On the trial the court admitted in evidence the files and records in a *former* suit, brought by plaintiff's father against defendant for tearing down a portion of the *line* fence, in which case defendant pleaded *title*, and a judgment was rendered in his favor.

   *Held*, that *this* judgment was not *conclusive* evidence of defendant's title to the fence, or land which it had inclosed, and settled nothing but the *non-liability* of defendant for *tearing* down the fence, and the testimony was irrelevant, and its admission error. *Keyser v. Sutherland*, 59 Mich. 455.

2. In a civil suit to recover damages for an assault and battery, evidence of the *reputation* of the defendant as a *peaceable* citizen is inadmissible.

3. The *general* rule is that it is not *competent* to give evidence of the
general character of the parties to a *civil* suit, nor of *particular*
facts *not in issue*, with a view of raising a presumption favorable
to a party, or unfavorable to his adversary; and it is only in cases.
where the very nature of the proceedings is such as to put the
*character* of the parties in issue that a different rule prevails.
[See authorities cited in opinion.]

Error to superior court of Detroit. (Chipman, J.) Ar-
gued October 14, 1886, Decided October 28, 1886.

Case. Plaintiff brings error.' Reversed. The facts are
stated in the opinion.

*Griffin & Warner,* for appellant.

*John Atkinson,* for defendant.

[The opinion cites the authorities bearing on the points in-
volved so fully that a summary of the briefs of counsel is.
omitted.—REPORTER.]

CHAMPLIN, J. The declaration in this cause is trespass on
the case for assault and battery. The plea was the general
issue. The defendant recovered judgment in the court be-
low, and plaintiff brings error.

The plaintiff's father and the defendant owned adjoining
lots in the city of Detroit, and a dispute arose over the loca-
tion of the line fence between them, which resulted in an
effort of each of them to build a line fence upon what each
considered the line. Plaintiff gave evidence tending to prove
that her father was removing dirt from one of the post-holes;
that thereupon the defendant struck her father over his head
with a piece of scantling, and, as he was bending down wiping
the blood from his forehead, defendant and one John Kissane
picked up a fence-post, and were about to strike her father
with the post, at the same time the defendant remarking that
he would murder him; and thereupon the plaintiff threw
herself between her father and defendant, and pushed the

top of the post backwards, and then defendant with Kissane shunted the post against the plaintiff, striking her in the vicinity of the chest.

The defendant gave evidence tending to prove that plaintiff was active in her efforts to prevent the building of the fence upon what he claimed to be the line; that, as he was stooping over, she attempted to kick his head, and afterwards threw a pail of slop upon him; that her father cut, with his shovel, the line which he had stretched upon the ground; that he had made a contract with John Kissane to build the fence, and that he had nothing to do with it further than to show where it was to be built. He denied the statements of the plaintiff as to the manner of the alleged injury, and showed that it occurred in the effort of plaintiff and her father to prevent the setting of a post; that Kissane had placed a post in the hole, when plaintiff's father seized it near the ground to pull it out, and plaintiff seized it higher up, and lifted, while Kissane attempted to hold it down; that their combined strength proved too much for Kissane, and they pulled the post out, which fell over, and hit the plaintiff, without being shunted at all; that defendant was twenty feet from the post at the time, and had nothing to do with it.

Numerous persons witnessed the transaction, and testified in the cause.

Defendant also offered in evidence the files and records of the cause pending in the circuit court for the county of Wayne, wherein John Fahey, the plaintiff's father, was plaintiff, and the defendant, Crotty, was defendant. The files and records disclosed the fact that, in 1878, an action of trespass on the case was brought against the defendant by Fahey for tearing down a portion of the dividing line fence, which the evidence showed had stood there some sixteen or seventeen years. They also showed a verdict and judgment for defendant. These files and records were admitted in

63 MICH.—25.

evidence, against plaintiff's objection as to materiality, and exception was taken.

The court also admitted evidence, against objection and exception of plaintiff's counsel, tending to show that the fence, as finally built by defendant, on the day of the alleged assault, was upon the line as it stood at the time Crotty tore it down. in 1878, for which the foregoing suit was brought and tried. Defendant also called eight witnesses, who were permitted to testify, against the objection of plaintiff's counsel, to the good reputation of the defendant as a quiet, peaceable, and orderly citizen in the neighborhood where he resides.

In rebuttal, the plaintiff's evidence tended to show that she did not in any way interfere with the men at work, and that her father did not interfere; that she did not throw any slop upon defendant, and did not kick at him; also that the line as built by defendant was not the line of the fence as the fence stood at the time it was torn down by Crotty, in 1878, and was further over on the premises of her father.

The court instructed the jury that in building the line fence the defendant was not the aggressor; that the record of the suit in the circuit court for the county of Wayne fixed and determined that he was building the fence upon his own line.

The only errors which we consider well assigned relate:

1. To the admission of the records and files of the circuit court of Wayne county in evidence.

2. The instruction of the court relative to such suit.

3. The admission in evidence of the testimony of the *reputation* of defendant as to being a *peaceable* and *quiet* citizen.

The counsel for defendant contends that the introduction of evidence to show whether the work being done for defendant was upon his own land, and whether defendant had really done as charged, was important; and that the records and files in the suit between plaintiff's father and defendant

were relevant to show these facts, and were the very best evidence, and were binding, not only as between the parties thereto, but as to all others who should attempt to assist Fahey in any matter touching the fence or line in question. He cites us to no authority to support this proposition, and it is opposed to our own decision in *Keyser v. Sutherland,* 59 Mich. 455.

The judgment in the suit of *Fahey v. Crotty* was not conclusive evidence of title in Crotty of the fence, or the land which it had inclosed. It settled nothing but that Crotty was not liable in damages to Fahey for having torn it down. It did not establish his right to rebuild it. The testimony was irrelevant, and its admission, and the charge based thereon, were erroneous.

The testimony of defendant's good reputation in this action was inadmissible. His reputation as a peaceable citizen was not in issue. There is a natural presumption arising in favor of a party in all cases that he is a peaceable, law-abiding citizen, and that such is his reputation among his neighbors. But this reputation, with a few exceptions, is not in issue in ordinary civil actions either upon contract or in tort. The distinction is between cases where character is in issue and where it is not. The general rule is that it is not competent to give evidence of the general character of the parties to a cause, nor of particular facts not in issue, with a view of raising a presumption to a party, or unfavorable to his adversary. Best, Ev. § 257; 1 Phil. Ev. *757 *et seq.*

It is only where the very nature of the proceedings is such as to put the character of the parties in issue that a different rule prevails. This is not the case in an action for an assault and battery. However good his reputation may be among his neighbors as a peaceable citizen, it does not tend to prove that he did not commit the assault complained of. Evidence of good character has been usually confined to cases where defendant is charged with having committed a criminal

offense. Under the law as it formerly stood, and as it exists in some jurisdictions at this time, the defendant was not a competent witness for himself. Under such circumstances, it was frequently of the utmost importance to the accused that he should be permitted to show his good character, as tending to repel the probability of his having committed the offense, and to support the presumption of innocence; and in actions of tort, wherever the defendant is charged with fraud from *mere circumstances,* evidence of his general good character has been admitted to repel it.

In civil actions, with the exception of those cases where, by the pleadings, the character of the party is put in issue, the weight of authority is against the admissibility of such testimony to rebut imputations of misconduct or fraud. *Goldsmith v. Picard,* 27 Ala. 142; *Ward v. Herndon,* 5 Port. (Ala.) 382; *People v. Josephs,* 7 Cal. 129; *Boardman v. Woodman,* 47 N. H. 120; *Church v. Drummond,* 7 Ind. 17; *Revill v. Pettit,* 3 Metc. (Ky.) 314; *Morris v. Hazelwood,* 1 Bush, 208; *Thayer v. Boyle,* 30 Me. 475; *Gutzwiller v. Lackman,* 23 Mo. 168; *Porter v. Seiler,* 23 Penn. St. 424; *Frazier v. Pennsylvania R. R. Co.,* 38 Id. 104; *Fowler v. Ætna Fire Ins. Co.,* 6 Cow. 673, 675, 676; *Pratt v Andrews,* 4 N. Y. 493; *Smets v. Plunket,* 1 Strob. 372; *Wright v. McKee,* 37 Vt. 161; *Humphrey v. Humphrey,* 7 Conn. 116, 118, 119; *Ketland v. Bissett,* 1 Wash. C. C. 144; *Thompson v. Church,* 1 Root, 312; *Bruce v. Priest,* 5 Allen, 100; *Anderson's Ex'rs v. Long,* 10 Serg. & R. 55; *Atkinson v. Graham,* 5 Watts, 411; Field, Dam. 473, § 603; 1 Whart. Ev. § 47; *Brown v. Evans,* 8 Sawy. 488, 494; *Simpson v. Westenberger,* 28 Kan. 756; *Sowell v. McDonald,* 58 Miss. 251; *Reddin v. Gates,* 52 Iowa, 210; *Quinton v. Van Tuyl,* 30 Id. 554; 1 Phil. Ev. * 757, and note 199; *Jones v. Stevens,* 11 Price, 235; *Nash v. Gilkeson,* 5 Serg. & R. 352; *Givens v. Bradley,* 3 Bibb, 195, 196; *Davenport v. Russell,* 5 Day, 145, 148; *Jeffries v. Harris,* 3 Hawks, 105; *Norton v. Warner,* 9

Conn. 172; *Corning v. Corning,* 6 N. Y. 97; *Houghtaling v. Kilderhouse,* 1 Id. 530.

The case at bar, however, does not come within the principle of those cases where such testimony is held admissible. They hold such testimony admissible only where the evidence showing wrong intention or moral turpitude depends upon circumstantial evidence from which an inference of guilt may be deduced, and in such cases the evidence is admitted to repel the inference. In this case the evidence was not circumstantial, but positive, as detailed by the plaintiff and her witnesses, while the defendant and his witnesses gave positive testimony that he had no hand in the assault and battery at all. There was no reason, therefore, why the testimony was admissible, unless it is so in all cases, without exception.

In *Townsend v. Graves,* 3 Paige, 453, 455, 456, it was said that in no case is it allowable to adduce evidence in support of the party's character until it has been impeached.

In the state of New York such evidence was at one time received in civil suits (*Ruan v. Perry,* 3 Caines, 120, 123), but that case has been reviewed and overruled in later cases, and the English rule adhered to as stated by the text writers on evidence (*Fowler v. Ætna Fire Ins. Co.,* 6 Cow. 673; *Houghtaling v. Kilderhouse,* 1 N. Y. 530).

For the errors pointed out, the judgment must be reversed, and a new trial granted.

The other Justices concurred.