## CLEVENGER v. FOOSHE.

### No. 6173.

United States Court of Appeals for the District of Columbia.

Decided July 30, 1934.

ROBB, Associate Justice, dissenting.

---

Fred B. Rhodes and Cooper B. Rhodes, both of Washington, D. C., for appellant.

Lucian H. Vandoren, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

### HITZ, Associate Justice.

This is an appeal from a judgment of the Supreme Court of the District of Columbia in an action for assault and battery. The plaintiff and defendant below, who are appellant and appellee here, were employees of a life insurance office in the city of Washington, and the action grows out of an evening ride in the defendant's motorcar, in the course of which the plaintiff alleges that she was assaulted, imprisoned, and ill-used, for which she seeks damages in the sum of $100,000.

After hearing the testimony of twenty witnesses the court sent the case to the jury; a verdict was returned for the defendant; a motion for a new trial was denied; and the judgment entered.

The testimony of the parties, who alone know the truth of what occurred, cannot by any possibility be reconciled, and the evidence of their witnesses is inconsistent and contradictory.

The lady charges an attempt at rape; the gentleman charges attempted blackmail. The ride took place on September 30th; on October 13th a claim was made upon the gentleman by an attorney for the lady; on October 31st the declaration was filed.

The record here presents nine assignments of error; but in the view we take of the case it is necessary to discuss only the last of these.

The defendant on direct examination testified that on the day of the ride he lunched with the plaintiff in company with another man, when they occupied a booth in a restaurant; drank whisky out of a bottle that he had brought; exchanged dirty stories; and he made an engagement to dine and spend that evening with the plaintiff in the country. That he met her at the appointed place; when she entered the car she told him that she would like to have sexual intercourse with him on some other occasion, but not that night; to which he replied that delay brings no dividends but death and old age.

On cross-examination he testified that after the suit was brought he notified the police authorities that the plaintiff was conducting a raffle which he considered illegal after looking up the law; he also advised the police to investigate the plaintiff in connection with a robbery which had occurred in a business establishment while she was its cashier.

A woman witness for the plaintiff testified that the defendant called upon her before the trial and told her "that she had better look up the police records referring to the plaintiff."

While a witness for the defendant testified that after he had discharged the plaintiff from his employment, she made a claim against him which he described as blackmail, but which she described as an attempt to collect unpaid wages. The plaintiff denied the whisky drinking, the dirty stories, the evening engagement, and the alleged remarks touching sexual intercourse. She testified that she met the defendant by accident and not by appointment; that when she accepted his offer of a lift to her destination, he went beyond the place, and, against her will and over her protests, drove into the country, where he imprisoned and assaulted her in his automobile.

The defendant further testified that he thought it would be a good thing for his case if the plaintiff were involved in that robbery; "that it would absolutely clear me, and that my case would never come up for trial."

In view of this testimony the plaintiff requested the court to grant the following instruction: "The Court instructs the jury that the character of the plaintiff is not an issue in this case. If the jury should find that an assault and battery were committed upon the plaintiff by the defendant, then the verdict must be for the plaintiff, no matter what the jury may believe as to the character of the plaintiff."

The trial judge denied this prayer on the theory that while the plaintiff's reputation for truth and veracity had been attacked, concerning which he did charge the jury, her character had not been drawn into issue.

But in our view the foregoing testimony tended to impair the character of the plaintiff in the eyes of the jury to an extent entitling her to the rather negative benefit of the prayer as offered and rejected, for if she were both a common prostitute and a convicted blackmailer she would still be entitled to the protection of the law against assault and battery and to an instruction which should say so.

See Jones on Evidence, § 148, where it is said, "However just the inferences, which might in many cases be drawn as to the merits of the controversy from the character of the parties, such inferences are too vague and unreliable for that degree of certainty which should prevail in legal tribunals." And on the same subject see Fahey v. Crotty, 63 Mich. 383, 29 N. W. 876, 6 Am. St. Rep. 305; Elliott v. Russell, 92 Ind. 526; Thompson v. Church, 1 Root (Conn.) 312; Porter v. Seiler, 23 Pa. 424, 62 Am. Dec. 341; Barton v. Bruley, 119 Wis. 326, 96 N. W. 815; Bruce v. Priest, 5 Allen (Mass.) 100; Corning v. Corning, 6 N. Y. 97; Drohn v. Brewer, 77 Ill. 280.

And when the learned judge rejected that prayer without covering the subject in some better form of his own, we think he fell into a prejudicial error for which the judgment must be reversed and the cause remanded for a new trial, and it is so ordered.

Reversed.

ROBB, Associate Justice, dissents.