80 443
112 43

## JOSEPH CULLEY v. MELVIN C. WALKEEN.

*Practice in circuit court—Impaneling jury—Assault and battery
—Evidence—Character.*

1. The business of courts cannot be delayed to suit the convenience
of suitors.

   So *held*, where, after the counsel for plaintiff had announced
themselves as satisfied with the jury, the defendant's counsel
stated that his client was absent, and that he did not desire to
examine or impanel the jury until he arrived, and was directed
to proceed with the examination, and the jury was impaneled
in the defendant's absence.

2. In a civil suit for assault and battery, the defendant testified
that the plaintiff attacked him with a knife, which he did not
identify, but called a witness who was present, who, after
testifying that he did not see the knife at the time, but that a
few days afterwards he was shown a knife which the defend-
ant claimed was the one used by the plaintiff, was asked
"what kind of a knife it was," and the answer is held prop-
erly *excluded.*

3. Where justification, by way of self-defense, is pleaded in a civil
suit for assault and battery, it is competent to show the char-
acter of the opposite party as being quarrelsome or otherwise,
when such fact has been brought to the knowledge of the de-
fendant prior to the assault complained of; citing *Galbraith v.
Fleming*, 60 Mich. 403; but the testimony of a third person to a
knowledge of such fact, unless communicated to the defendant
before the affray, is irrelevant.

4. In a civil suit for assault and battery it became a disputed
question of fact whether one of the injuries complained of was
inflicted by the defendant, or resulted from the action of the
plaintiff after the affray, and it is held error not to submit the
question to the jury.

Error to Alpena. (Kelley, J.) Argued April 23, 1890.
Decided May 2, 1890.

Trespass. Defendant brings error. Reversed. The
facts are stated in the opinion.

*Sleator & Greening,* for appellant.

*Turnbull & Dafoe,* for plaintiff.

[The points of counsel are stated in the opinion.—RE-PORTER.]

CHAMPLIN, C. J. Culley sued Walkeen for damages in consequence of an assault and battery. Walkeen pleaded that he acted in self-defense. Plaintiff recovered a verdict and judgment, and defendant brings error.

The first error assigned is in compelling the defendant's attorney to proceed in the absence of his client, and impanel a jury. The business of courts cannot be delayed to suit the convenience of suitors. The error is not well assigned.

The defendant gave testimony in his own behalf, and testified that he knew the plaintiff; that he was a powerful man, and quarrelsome; that he had seen a fight between the plaintiff and a policeman and another man, and he detailed what he saw when the policeman tried to arrest him, and that he stood in fear of him; that plaintiff was the aggressor, and what he did was simply in self-defence. On cross-examination, he admitted to having had trouble with drunken men in his saloon. Defendant, on his direct examination, had testified that he had retreated from Culley into an adjoining room, and had shut the door, and endeavored to keep Culley out, but that he kicked the door in, and came in and attacked him with a knife; that he seized him by the wrist, and the knife dropped upon the floor. He also produced a witness by the name of M'Millen, who testified that he saw the fracas between Culley and defendant, and told of Walkeen's retreating to the adjoining room, and of Culley shoving the door in. He was asked if he saw a knife around there anywhere, and he said he did not until afterwards; that he did not see it at that time at all;

that he went in a few days afterwards, and commenced joking defendant about the racket, and he showed witness a black-handled knife, and said Culley had that knife. He was then asked:

"*Q.* What kind of a knife was this?"

The exclusion of this question is assigned as error. The question was rightly excluded. Walkeen had been sworn, and had given his testimony, and had not identified the knife. It is plain that he could not identify the. knife by this witness.

Victor Laurie was introduced as a witness by defendant. He was the police officer who arrested Culley upon the occasion testified to by Walkeen, when Culley made such desperate resistance, and, after calling the attention of the witness to the occurrence, he asked him to state what it was. The question was objected to as incompetent, irrelevant, and immaterial. The defendant's counsel stated to the court as follows:

"I desire to show by this witness the nature of the disturbance, the fight that took place between him and the plaintiff at or near Mr. Beck's place of business, being the same disturbance that the defendant witnessed. I want to show the blows that were struck this man by the plaintiff, and all of the disturbance that took place there. I want to show how the plaintiff acted, what force he used, and what he did to this policeman; being the same identical transaction that has been testified to by defendant that he witnessed."

The court excluded the testimony. It should have been admitted for the purpose of showing to the jury the disposition and strength of the man. It would have some tendency to show whether his conduct on that occasion was calculated to inspire terror in the mind of defendant, and to cause him to stand in fear of him as a dangerous man.

The witness Laurie was asked:

"State, if you know, whether or not the plaintiff in this case was a person of a quarrelsome disposition, or of a peaceable disposition, previous to August 16, 1888."

Objection was raised to the relevancy of the question to the issue, and the objection was sustained. In ordinary actions of assault and battery we have held that character was not in issue, unless made so by the pleadings. *Fahey v. Crotty,* 63 Mich. 383. Where justification, by way of self-defense, is pleaded, it is competent to show the character of the opposite party as to being quarrelsome or otherwise, when such fact has been brought to the knowledge of the defendant prior to the assault complained of. *Galbraith v. Fleming,* 60 Mich. 403. But unless such fact, within the knowledge of another person, is brought to the knowledge of defendant before the affray, it could not possibly have influenced his mind or actions, and would be irrelevant. It was not proposed in this case to show that Laurie had told defendant that Culley was of a quarrelsome disposition, and it was therefore rightly excluded. The court permitted the defendant himself to state what he knew in regard to the plaintiff being a quarrelsome tempered person, and a dangerous man, and that defendant feared him.

The seventh request of the defendant's counsel was as follows:

"If you should believe that the injury to plaintiff's arm was the result of an accident, or that any injury received by him was the result of an accident, he cannot recover in this action for such accidental injuries."

The court refused to so instruct the jury, and the point is not alluded to in his general charge. This request was based upon the testimony introduced by the plaintiff, which tended to show that the most serious injury of which he complained was a fracture of a bone in the forearm, called the "ulna," near its lower extremity, or just·

back of the wrist. The doctor had testified that it must have been caused from a downward blow.

The defendant introduced testimony tending to show that when the officers were taking Culley to the lock-up, as he was passing by where some kerosene barrels were standing, and as he did so, still being very angry, he struck the barrel in such manner that the blow might have caused the fracture, by the arm coming in contact with the chime of the barrel. Two witnesses detailed the circumstances. One of them was close to the plaintiff at the time, and thought the blow was sufficient to break something on his arm at the time, and he followed to the lock-up, and asked the officer, as he testifies, if he broke his arm on the barrel. The fracture of the arm was not discovered until he got to the lock-up. The plaintiff, to rebut this testimony, introduced the officer, who denied the conversation, and he and the other officer who took him to the station denied the occurrence. It was therefore a disputed question of fact, and should have been submitted to the jury. The other errors assigned are overruled.

For those noted above, the judgment must be reversed, and a new trial granted.

The other Justices concurred.