[Crim. No. 509.  In Bank.—June 19, 1899.]

THE PEOPLE, Appellant, v. PATRICK SHEA, Respondent.

CRIMINAL LAW — RAPE — EVIDENCE — CONSENT TO INTERCOURSE WITH OTHER MEN.—Upon the trial of a person charged with rape, evidence is admissible to show that the prosecutrix, previous to the time of the alleged commission of the offense charged, had consented to the having of sexual intercourse with other men.

ID.—CASE AFFIRMED—STARE DECISIS.—*People v. Benson,* 6 Cal. 221, affirmed, as having evidenced the law of this state for many years, and as being supported by respectable authority, though the weight of authority may be to the contrary.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Deputy Attorney General, for Appellant.

Only the general character of the prosecutrix can be shown, and not particular acts of unchastity. (2 Roscoe's Criminal Evidence, 1122; 1 McLean on Criminal Law, sec. 46; Underhill on Criminal Evidence, 480; 19 Am. & Eng. Ency. of Law, 62; 3

Greenleaf on Evidence, sec. 214; 2 Bishop's New Criminal Procedure, 965; *Commonwealth v. Harris*, 131 Mass. 336; *Commonwealth v. Regan*, 105 Mass. 593; *State v. Fitzsimon*, 18 R. I. 236; 49 Am. St. Rep. 766; *State v. Brown*, 55 Kan. 766; *McDermott v. State*, 13 Ohio St. 332; 82 Am. Dec. 444; *State v. Knapp*, 45 N. H. 148; *McQuirk v. State*, 84 Ala. 435; *Shartzer v. State*, 63 Md. 149; 52 Am. Rep. 501; *Rex v. Hodgson*, 1 Russ. & R. 211; *Regina v. Robins*, 2 Moody & R. 512; *Regina v. Holmes*, L. R. 1 C. C. 304; *State v. Jefferson*, 6 Ired. 305; *State v. White*, 35 Mo. 500; *People v. McLean*, 71 Mich. 309; 15 Am. St. Rep. 263; *Miller v. Curtis*, 158 Mass. 131; 35 Am. St. Rep. 469 (affirming *Commonwealth v. Harris, supra*); *State v. Campbell*, 20 Nev. 122; *State v. Forshner*, 43 N. H. 89; 80 Am. Dec. 132; *Ritchie v. State*, 58 Ind. 355.)

A. E. Mack, and A. D. Lemon, for Respondent.

The evidence of particular acts of unchastity of the prosecutrix with other men was admissible. (*People v. Benson*, 6 Cal. 221; 65 Am. Dec. 506; *People v. Johnson*, 106 Cal. 289; *Brennan v. People*, 7 Hun, 171; *Woods v. People*, 55 N. Y. 515; 14 Am. Rep. 309; *People v. Abbot*, 19 Wend. 192; *Benstine v. State*, 2 Lea, 169; 31 Am. Rep. 593; *Titus v. State*, 7 Baxt. 132; *Shirwin v. People*, 69 Ill. 55.)

GAROUTTE, J.—Information charging the crime of rape. Defendant was convicted, and on his motion the court made an order granting a new trial, from which order the people have appealed.

The question involved in this appeal arises upon the admissibility of certain evidence. This evidence was introduced by defendant and tended to prove that the prosecutrix, previous to the time when the commission of the offense here charged was laid in the information, had consented to the having of sexual intercourse with other men. In the early case of *People v. Benson*, 6 Cal. 221, 65 Am. Dec. 506, this identical question was involved, and it was there held that such evidence was competent and admissible. In *People v. Johnson*, 106 Cal. 289, the Benson case is cited, and the court said: "This class of evidence is admissible for the purpose of tending to show the non-probability

of resistance upon the part of the prosecutrix. For it is certainly more probable that a woman who has done these things voluntarily in the past would be likely to consent than one whose past reputation was without blemish, and whose personal conduct could not truthfully be assailed."

It may be conceded that the weight of authority is opposed to the rule laid down in the Benson case. Yet there is respectable authority supporting the doctrine as there declared. (*State v. Sutherland*, 30 Iowa, 573; *Benstine v. State*, 2 Lea, 175; 31 Am. Rep. 593; *State v. Patterson*, 88 Mo. 91; 57 Am. Rep. 374; *People v. Abbot*, 19 Wend. 192; *Brennan v. People*, 7 Hun, 171; *Woods v. People*, 55 N. Y. 515; 14 Am. Rep. 309.) The Benson case was quite well considered. And in view of the fact that it has stood so many years as evidencing the law of this state upon the proposition the reasons urged for its overthrow at this time are not deemed sufficient by the court.

For the foregoing reasons the order granting the new trial is affirmed.

Henshaw, J., Temple, J., Harrison, J., and Van Dyke, J., concurred.

McFARLAND, J., dissenting.—I dissent, for the reason that in my opinion, the court erred in allowing evidence tending to show specific acts of adultery by the prosecutrix with other men. The general rule undoubtedly is that specific acts cannot be proven for the purpose of impeaching a witness; and I see no force in the reasoning that such acts are admissible because they tend to show that the prosecutrix probably consented at the time of the alleged rape. Such acts were no more admissible than would former assaults on others by a man charged with murder be admissible because they would tend to the probability that the defendant committed the murderous assault charged. In *People v. Benson*, 6 Cal. 221, 6 Am. Dec. 506, the court was evidently not sure of its position, because, having referred to section 214 of 3 Greenleaf on Evidence, where an exactly opposite rule is declared, and which, as the court say, was probably founded upon *Rex v. Hodgson*, 1 Russ. & R. 211, and other English cases, it uses this language: "But, admitting the full force

of the rule in *Rex v. Hodgson, supra,* still, we are of the opinion that the circumstances of this case modify the rule," and proceeds to say, in effect, that the prosecutrix in that case being young and ignorant, probably had no general reputation. This reasoning is entirely unsatisfactory to me, and I think that upon principle, and upon the great weight of authority, *People v. Benson, supra,* should be held as improperly decided. The reason that specific acts cannot be proven, while general reputation may, is as old as the law and founded upon the stable ground that a witness is supposed to be able to maintain his or her general reputation, while witnesses cannot be expected to be able to disprove testimony as to special acts to which their attention had not been called. I think that if counsel for defendant in cases like this are allowed to even ask questions tending to prove that a prosecutrix had sexual intercourse with another man, great injustice and wrong will follow. For this reason I think that the order granting a new trial should be reversed.