## DANNENBERG *et al. v.* BERKNER.

1. In an action for damages for an assault and battery, the character of the plaintiff for turbulence of itself affords no justification.
2. In such an action, where the defendants' plea was self-defense, and that they had acted under the fears of reasonable men, and where it appeared that the battery was caused by opprobrious words spoken by the plaintiff, but there was no actual assault on defendants by him, it was not error to charge that the jury might consider the character of the plaintiff for turbulence, so far as known to the defendants, in passing on the question whether they acted under the fears of reasonable men.
3. The petition alleged that immediately after the battery one of the defendants stated in a loud voice to the passengers in the car, as his excuse therefor, that it was because the plaintiff " denied owing a debt which he has owed for the past nine years." There was no special demurrer. Even if not actionable in a suit for slander, it was not error to charge that the words could be considered by the jury in assessing the damages.
4. There was no error in the exclusion of evidence, or in the charges or refusals to charge excepted to. The damages were not excessive ; nor was the verdict contrary to law, in view of the ruling in the same case between the same parties in *Berkner* v. *Dannenberg*, 116 *Ga.* 954.

Argued October 13, — Decided November 3, 1903.

Action for damages. Before Judge Felton. Bibb superior court. August 3, 1903.

This is the second time the case has been before this court. See 116 *Ga.* 954. The plaintiff and the defendants were in a street-car. He was drunk and used an opprobrious epithet to one of them, and an altercation ensued. One of the defendants cried out that the plaintiff was armed, and a bystander searched him and reported that he had no pistol. He was then put on the front platform of the car, and while there he turned and repeated the epithet; whereupon the defendants attacked him through the window. He was kicked and beaten, and received wounds and bruises on the head and the body. There was evidence that he

was "stabbed" or jabbed with the sharp end of an umbrella. The defendants denied that the sharp end of the umbrella was used, or that any serious injury was inflicted. Several witnesses testified that the plaintiff had the reputation of being quarrelsome when drunk,—some of them said dangerous, if he had a weapon, though none of them knew of his ever having hurt anybody. The defendants testified that they knew of this reputation, knew he was dangerous when drinking, and, from his threats and epithets, were apprehensive of personal injury from him. There was evidence that after the first altercation one of the defendants was asked what was the trouble, and he replied, "It is an old debt, an old debt he denies, nine years ago." The verdict was against the defendants, for $850. Their motion for a new trial was overruled and they excepted.

The motion was on the grounds, that the verdict was contrary to law and the evidence, and was excessive, and that the court erred in charging the jury as follows : "The defendants were permitted to introduce evidence as to the character of the plaintiff for turbulence or violence while drinking. Now that evidence which is introduced in this case, if the jury should believe that to be the truth of the case, is submitted for your consideration on this view:. It is not admitted on the theory that one would have a greater right to inflict an unwarranted assault and battery upon a violent or turbulent man who was drinking than any other person. It is not admitted on any such view as that, but it is admitted on this view of the defendants' contention in the case : the plaintiff contends, as I have stated, that the battery inflicted upon him, if one there was, was an unjustifiable battery, was an unwarranted battery, was one which the defendants had no right to inflict upon him. As to that contention the defendants contend twofold : first, that the battery was inflicted because of the opprobrious epithets applied by the plaintiff to the defendants ; further insisting, the defendants say that at the time of the application of the opprobrious words, if any such were used (which is a question of fact for you to pass upon, and not the court), the conduct of the plaintiff was such that they had reason to believe, acting under the fears of a reasonable man, that his actions were such that he intended and was about to commit upon the persons of the defendants an assault, they believing he had a weapon

which he was about to use; and that, under those circumstances and acting under the fears that a serious injury was about to be committed upon them, they took steps to protect themselves; and that they went no further than they had a right to do in their effort to protect themselves against what they believed to be an unwarranted assault; and on that issue evidence as to the character of the plaintiff while he was drinking is permitted to go to the jury, if the jury believe if the defendants had knowledge of that character of the plaintiff, if he had any such character, with a view of your determining the question, if they knew the charac-. ter of the plaintiff in this case for turbulence while he was drinking, by reputation, on the question of whether they were really acting under the fears of a reasonable man, or whether the assault and battery was committed with malice, they going beyond what was necessary for the purpose of self-defense.   That is the theory on which it is admitted to the jury.   It is not true that one. would be any more justifiable in beating a drunken man than he would a sober man, if that drunken man had done nothing to justify the battery, but the jury are authorized to consider, if the evidence shows that was the condition of the plaintiff, if he was drunk and was turbulent when he was drunk, you would be authorized to consider that in connection with the other circumstances of the case, whether or not the defendants, if they did inflict a battery on the plaintiff, were at the time acting under the fears of a reasonable man, in consequence of their knowledge of his character when in such a condition." These instructions were alleged· to be erroneous because they limited the jury, in the consideration of the evidence as to the plaintiff's character for turbulence· and violence while drinking, to the question as to whether the de-. . fendants at the time of the battery were acting under the fears of reasonable men, in consequence of their knowledge of his character when drinking.

Also, that the court erred in not submitting to the jury the theory of the defendants, that, owing to the words, gestures, and conduct of the plaintiff which brought, on the first battery, he had so excited and unnerved them as to create in them an apprehension that they were in danger of bodily harm from him; and that when he continued to arouse this apprehension by a repetition·of· the epithets, he could not complain of the second battery; in sup-·

port of which defense counsel for the defendants read to the court the case of *Peavy* v. *Ga. R. Co.*. 81 *Ga.* 485, requesting the court to give this theory in charge. Also, that the court erred in charging: " If you believe from the evidence that one of the defendants stood up in the car and ·made any remark which was calculated to injure the reputation of the plaintiff, or lower him in the estimation of the passengers on the car, you are authorized, in assessing ·damages in this case, to take that into consideration. The right of personal security comprehends and includes security of one's reputation, as well as his life, limb, or liberty." It was alleged that this instruction was not authorized by the evidence, and that the words as to which the witnesses testified were not slanderous or actionable, and would not justify the assessment or increase of damages against the defendants. Also, that the court erred in charging: " Opprobrious words are no justification of stabbing ; and if you believe from the evidence that either of the defendants, with a pointed instrument, such as a metal-rod umbrella, stabbed or jobbed the plaintiff, thereby inflicting wounds on or by the same puncturing the skin, causing the blood to flow, then I charge you that said defendant so stabbing is liable in damage for the injury inflicted by such stabbing, if there was such stabbing, unless that stabbing was inflicted under circumstances where it was justifiable." It was alleged that this was erroneous, because there was no evidence of a stabbing; that to punch one with an umbrella is not a stabbing. Also, that the court erred in not allowing Isaac Block, one of the defendants, when on the stand as a witness to answer the question : "What apprehensions were you under when he [plaintiff] went around to the front part of the car and turned and spoke these words ['son of a bitch '] as to whether he would use a weapon ?"

*Hardeman, Davis, Turner & Jones,* for plaintiffs in error.
*Arthur L. Dasher,* contra.

LAMAR, J.   1, 2. It is unnecessary to consider whether under *Malone* v. *State,* 49 *Ga.* 218, and *Wall* v. *State,* 69 *Ga.* 766, the conduct of the plaintiff was such as to demand a charge on the subject of reasonable fears ; because the court gave the defendants the full benefit of that principle, and repeatedly charged that they might consider whether, in making the battery, the defendants

were acting under the fears of reasonable men. Nor was it error requiring the grant of a new trial to instruct the jury that they might consider the character of the plaintiff for turbulence, so far as known to the defendants, in determining whether they acted under such fears or maliciously. In *Williams* v. *Fambro*, 30 *Ga.* 232, there were no eye-witnesses to the homicide, and it was held that evidence as to the slave's character for insubordination might be considered, whether known to the defendant or not, for the purpose of mitigating the damages sustained, and showing the probability of the defense that the slave was killed in an act of insubordination. Here the character of the plaintiff and all of the facts attending the battery were before the jury. He made no actual assault, but the defendants insisted that they thought he was going to make an attack, and gave as a reason for such belief that they knew and had heard of his turbulence when drinking. The plaintiff himself having made no assault, his character was immaterial except in so far as their knowledge of his reputation for violence justified the fears of the defendants. As the danger was not in fact real, they could show that to them it was apparently so. If they did not know of his quarrelsome disposition, it could not explain their conduct; if they did know thereof, it might have illustrated the motive with which they acted. The charge is sustained by the authorities. In Culley v. Walkeen, 80 Mich. 443, it was held that " where, in a civil suit for assault and battery, justification by way of self-defense is pleaded, it is competent to show the character of the opposite party as being quarrelsome, when such fact has been brought to the knowledge of the defendant prior to the assault." Kuney v. Dutcher, 56 Mich. 308 (4); Shook v. Peters, 59 Tex. 393 (5); Knight v. Smith, 57 Vt. 529. Compare *Doyal* v. *State*, 70 *Ga.* 134 (5a). One battery occurred immediately after the other, and the damages arising from both were sued for in the same petition. The judge was not bound in his charge to separate the two transactions, there being no special request therefor, and the charge as a whole applying to both batteries. Nor was he bound to charge the principle laid down in *Peavy* v. *Ga. R. Co.*, 81 *Ga.* 485, the same not having been requested in writing.

3. In the petition it was alleged that after the battery one of the defendants stood up in the car and gave in a loud voice, as an

excuse for their treatment, that plaintiff "denied to me owing a debt which he has owed for the past nine years." There was no special demurrer. The evidence as to the words used, and their meaning, was conflicting, but it was not improper, under the circumstances, to allow the same to be considered by the jury as an aggravation, even if the language may not have been actionable in a suit for slander. Civil Code, § 3906 ; Bell *v.* Morrison, 27 Miss. 68, 84, 85.

4. It was no error to charge that if the jury believed that either of the defendants with a pointed instrument, such as the metal rod of an umbrella, "stabbed or jabbed" the plaintiff, opprobrious words would afford no justification therefor. Even if the steel rod of an umbrella is not an instrument with which the the offense of "stabbing" might be committed, the petition so described this part of the assault, and there was no special demurrer. It was not for the name, but the act and the injuries, that the damages were to be awarded by the jury under the charge, and no harm was done the defendants in calling it by the term set out in the pleading and used by the witnesses. The defendants had already testified that they were in fear of the plaintiff ; and even if the exclusion of the evidence of Block on that subject, in answer to the leading question, was error, it was harmless. But as to the particular assignment in the tenth ground of the motion, it is sufficient to say that the record does not show that the attention of the court was called at the time to what the witness's answer would have been. See *Griffin* v. *Henderson,* 117 *Ga.* 382, and cases there cited. The other assignments are in principle controlled by the ruling in *Berkner* v. *Dannenberg,* 116 *Ga.* 954. The damages do not appear to have been excessive ; and the judgment is          *Affirmed.     All the Justices concur.*