Lowe, Appellant, vs. Ring, Respondent.

*September 28—November 15, 1904.*

*Assault and battery: Provocation: Trial: Cross-examination: Witnesses: Motive: Character: Particular acts: Evidence: Prejudicial error: General reputation: Trial: Instructions to jury: Measure of damages: Exemplary damages: New trial.*

1. Where a claim for rent was the subject of contention between the parties immediately before they came to blows, and, in an action for the assault and battery, plaintiff had testified concerning such claim on his direct examination, a question asked plaintiff on cross-examination, whether defendant had not paid in full and settled for rent for periods subsequent to the time of the claim, was proper for the purpose of informing the jury whether the claim was made to annoy and provoke defendant, or was made in an attempt to collect a demand which in good faith was believed to be due.

2. While plaintiff's motive in bringing suit can in no way affect his cause of action, it is not error to compel him to answer questions designed to show what prompted him to sue defendant, since such inquiry is calculated to show his bias and prejudice, and thus discredit him as a witness.

3. In an action for assault and battery, evidence showing that plaintiff had committed particular assaults and batteries at different times, covering a period of from four to seventeen years prior to the time of the instant affray, is incompetent, and cannot be justified on the ground that it might tend to show that the injuries complained of had been received in such former assaults, and that plaintiff had been in the habit of employing a physician only in those cases in which he intended to claim and sue for damages for personal injuries.

4. In an action for assault and battery, evidence that plaintiff had committed particular assaults and batteries at times covering a period of from four to seventeen years prior to the instant affray, is incompetent and immaterial for the purpose of showing that plaintiff's character was quarrelsome and pugnacious, and its admission over plaintiff's objection is prejudicial error.

5. Proof of particular instances of misconduct of a party, as evidence of character, is admissible only upon cross-examination for the purpose of discrediting him as a witness, and in the exceptional case of an indecent assault upon a female.

6. In an action for assault and battery, where self-defense is

pleaded, evidence of plaintiff's general reputation as a quarrelsome and pugnacious person is admissible.

7. In an action for assault and battery, an instruction: "In assessing damages you may take into consideration the question of whether or not the plaintiff is of a quarrelsome disposition, whether or not he has heretofore been engaged in quarrels and fights, as bearing upon the question of how much, if any, plaintiff was humiliated and injured in his feelings by the assault alleged in this action. This you may do, not by way of reducing actual damages, but in ascertaining actual damages," is erroneous and prejudicial in so far as it submitted the question of former particular instances of plaintiff's misconduct in violating law as competent evidence in the case.

8. In an action for assault and battery, where self-defense is pleaded, proof of plaintiff's quarrelsome character may be considered by the jury, with other relevant testimony, in determining what compensation he is entitled to recover for injuries to his feelings.

9. In an action for assault and battery, where the facts and circumstances were such that the jury might reasonably have drawn the inference that defendant acted maliciously and wantonly in assaulting the plaintiff, it is error to instruct the jury on the subject of punitory damages, in substance, that, since the altercation arose out of a business transaction, which led defendant to beat plaintiff, it refuted all inference of malicious or wanton conduct.

10. In actions for assault and battery, it is not necessary that the defendant be imbued with malice for any length of time before the assault to subject him to exemplary damages; it is sufficient that malice prompted the assault, though it existed but for a moment before the blow was struck.

11. In an action for assault and battery, where the evidence as to the injuries conflicted in many material and important respects, it is not error for the trial court to refuse to grant a new trial upon the ground that the compensatory damages awarded are wholly inadequate to the injuries proven.

APPEAL from a judgment of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge. *Reversed.*

Action to recover damages for injuries for an assault and battery. Plaintiff charges that he was assaulted and beaten by the defendant on August 11, 1899, by being violently struck in the face, seriously bruising it, and breaking his nose,

which injuries caused him much pain, loss of time in attend-
ing to his affairs, and made it necessary to incur expenses for
medical attendance.   Defendant denies the charge so alleged
in the complaint, and avers that he was led into the alterca-
tion by plaintiff's refusal to pay him the price of a cow pur-
chased by plaintiff from defendant's agent, and that he
slapped plaintiff in defending himself from a threatened as-
sault.   It appeared upon the trial that plaintiff had pur-
chased a cow from defendant's agent, for which defendant
demanded payment at the time of the affray.   Upon such de-
mand by defendant, plaintiff insisted that defendant was in-
debted to him on account of rent.   This defendant denied,
and pressed for immediate payment for the cow.   The state-
ments of the parties as to what occurred between them after
this stage of the transactions are wholly at variance; plaintiff
claiming that defendant, without cause or provocation, then
violently beat him, while defendant charges that he was
threatened and assaulted by plaintiff, and was compelled to
defend himself against an imminent and dangerous assault
which was liable to cause him bodily injury.   The case was
tried before the court and jury, resulting in a verdict for
plaintiff awarding him compensatory damages at the sum of
$55.   Judgment was awarded in his favor accordingly, 'and
from such judgment this appeal is taken.

For the appellant there was a brief by *L. M. Sturdevant*
and *Chas. F. Grow,* and oral argument by *Mr. Sturdevant.*
They contended, *inter alia,* that ordinarily evidence as to the
character of defendant, his general reputation or the like,
being irresponsive to the issue, is inadmissible in mitigation
or augmentation of damages.   *Vance v. Richardson,* 110 Cal.
414; *Anthony v. Grand,* 101 Cal. 235; *Thompson v. Church,*
1 Root (Conn.), 312; *Cummins v. Crawford,* 88 Ill. 312;
*Elliott v. Russell,* 92 Ind. 526; *Reddin v. Gates,* 52 Iowa,
210; *Reed v. Kelly,* 4 Bibb (Ky.), 400; *Soule v. Bruce,* 67
Me. 584; *Day v. Ross,* 154 Mass. 13; *Sowell v. McDon-*

*ald,* 58 Miss. 251; *Lyddon v. Dose,* 81 Mo. App. 64; *Barr v. Post,* 56 Neb. 698; *Pulver v. Harris,* 61 Barb. 78; *Smithwick v. Ward,* 7 Jones (N. C.), 64, 75 Am. Dec. 453; *Porter v. Seiler,* 23 Pa. St. 424. Defendant may not, to reduce or mitigate the damages, attack the character of the plaintiff, or show his reputation for turbulence, or his propensity to commit or provoke breaches of the peace. *Dimick v. Downs,* 82 Ill. 570; *Gardner v. Cross,* 6 Rob. (La.) 454; *McCarty v. Leary,* 118 Mass. 509; *Hall v. Power,* 12 Met. 482; *Ellis v. Short,* 21 Pick. 142; *Corning v. Corning,* 6 N. Y. 97; *Shook v. Peters,* 59 Tex. 393. Neither plaintiff nor defendant can show that he is of good character or reputation. *Denton v. Ordway,* 108 Iowa, 487; *Givens v. Bradley,* 3 Bibb (Ky.), 192; *Smithwick v. Ward,* 7 Jones (N. C.), 64, 75 Am. Dec. 453; *Sayen v. Ryan,* 9 Ohio Cir. Ct. 631; *McKinzie v. Allen,* 3 Strobh. Law, 546. In a civil action for assault and battery, evidence of the general reputation of the defendant for peace and quietness is not admissible. *Pokriefka v. Mackurat,* 91 Mich. 399; *Zube v. Weber,* 67 Mich. 52; *Vance v. Richardson,* 110 Cal. 414, 42 Pac. 909; *Fahey v. Crotty,* 63 Mich. 383; *Darwin v. Parsons,* 52 Mich. 425.

*S. M. Marsh,* for the respondent.

SIEBECKER, J. Several errors are assigned upon the admission of testimony over plaintiff's objection.

(a) Upon cross-examination, plaintiff was asked if defendant had not paid in full and settled for rent for periods subsequent to the time of the claim which he sought to offset against the amount due for the cow. The court directed that the inquiry be answered, over objections. This claim for rent was the subject of contention between the parties immediately before they came to blows, and plaintiff testified concerning it on direct examination. This cross-examination of the plaintiff was proper to inform the jury whether his claim was made merely to annoy and provoke defendant, or was an at-

tempt to collect a demand which he in good faith believed was due him.

(b) Plaintiff was also compelled to answer the inquiry, over objection, whether he was prompted to institute this action because the defendant compelled him to pay for the cow. While plaintiff's motive in bringing the suit can in no way affect his cause of action, the inquiry must have been calculated to show his bias and prejudice, and thus discredit him as a witness. We do not perceive that there was an abuse of the right of cross-examination. Had he answered in the affirmative, it would have been proper for the jury to consider this fact in determining the weight of his testimony and the degree of credibility to be attached to his evidence.

(c) The next exception argued pertains to the admission of evidence showing that plaintiff had committed particular assaults and batteries at times preceding the one in question. The plaintiff and several witnesses were examined on this subject, and their testimony showed that he was guilty of such offenses at different times, covering a period of from four to seventeen years prior to the time of this affray. Defendant seeks to justify the introduction of this evidence upon the ground that it might tend to show that the injuries complained of had been received in such former assaults, and that it would show that plaintiff was in the habit of employing a physician only in those cases in which he intended to claim and sue for damages for personal injuries. There is nothing in the evidence to warrant the inquiry upon these grounds. The injuries described by the plaintiff, and for which compensation was asked, were all of recent origin. His employment of physicians on former occasions can have no relevancy as showing the necessity of employing one to attend him for the injuries which he claimed to have suffered on this occasion. The evidence was not competent for these purposes.

It is argued, however, that the evidence was competent and material to show plaintiff's character as being of a quarrel-

some and pugnacious disposition. This class of testimony has, save in exceptional cases hereinafter referred to, not been admitted to show the character of a party, even where character is material to the controversy. Proof of particular instances of misconduct of a party, as evidence of character, is deemed repugnant to the best administration of justice, and is therefore admitted only upon cross-examination for the purpose of discrediting witnesses and in cases to recover damages for an indecent assault upon a female. In the last class of cases, evidence of particular instances of unchaste conduct is admitted to show character in this and some other jurisdictions. In the case of *Watry v. Ferber,* 18 Wis. 502, 525, the court declares:

"But whatever may be the true rule in regard to the admission of such testimony in criminal prosecutions, it appears to us in a civil action of trespass, when the plaintiff has alleged as a matter of aggravation that the defendant had connection with her against her will, the defendant should be permitted to show that the plaintiff has been previously criminal with other persons, as a circumstance tending to disprove the probability of the use of force." *People v. Shea,* 125 Cal. 151, 57 Pac. 885; *State v. Patterson,* 88 Mo. 91.

In other civil actions for the recovery of damages such evidence is held incompetent in all jurisdictions. The grounds upon which such evidence is excluded are that it would tend to a confusion of issues, waste of time, and "because of the unfair surprise to the witness, who cannot know what variety of false charges may be specified, and cannot be prepared to expose their falsity." This rule is well established, and accepted by the courts. *Muetze v. Tueteur,* 77 Wis. 236, 46 N. W. 123; Greenleaf, Evidence (16th ed.) § 461. It was prejudicial error to admit this proof over plaintiff's objection.

In view of the issues raised by the pleadings, it was proper to receive evidence of plaintiff's general reputation as a quarrelsome and pugnacious person. Defendant avers that he struck plaintiff in self-defense, and alleges that he knew

plaintiff was disposed to assault others without provocation or justification, and believed, in view of plaintiff's conduct and violent disposition, he was in peril of being violently assaulted when he struck him. Under this allegation, proof of plaintiff's disposition in the respect mentioned has been deemed relevant and material by this court, and we do not feel disposed to disturb the practice. *Keep v. Quallman,* 68 Wis. 451, 32 N. W. 233. See, also, *Culley v. Walkeen,* 80 Mich. 443, 45 N. W. 368.

The court instructed the jury:

"In assessing damages you may take into consideration the question of whether or not the plaintiff is of a quarrelsome disposition, whether or not he has heretofore been engaged in quarrels and fights, as bearing upon the question of how much, if any, plaintiff was humiliated and injured in his feelings by the assault alleged in this action. . . . This you may do, not by way of reducing actual damages, but in ascertaining actual damages."

This instruction is excepted to, and made the basis of complaint, because it permits the jury to take the evidence of plaintiff's reputation into consideration in estimating his damages. In so far as the instruction submitted the question of former particular instances of plaintiff's misconduct in violating the law as competent evidence in the case, the instruction was erroneous, for the reasons above stated, and was well calculated to prejudice plaintiff in his rights.

It is the general rule that evidence of a party's character is not admissible in civil actions for damages unless his character is directly in issue—as in slander, seduction, and other cases—"even though the cause is one for which a criminal prosecution may be brought, or where the offense set up in justification involves a crime." *Geary v. Stevenson,* 169 Mass. 23, 47 N. E. 508, and cases cited; *Fahey v. Crotty,* 63 Mich. 383, 29 N. W. 876, 6 Am. St. Rep. 305; *Cummins v. Crawford,* 88 Ill. 312, 30 Am. Rep. 558; Greenleaf, Evi-

dence, § 14*b,* subd. 4. This general rule does not go to the
extent of excluding such evidence for all purposes. As stated
in *Keep v. Quallman,* plaintiff's general reputation as a man
of quarrelsome and violent disposition, if within the knowl-
edge of a defendant before an affray, is competent evidence to
go to the jury upon the issue of self-defense. *Culley v. Wal-
keen,* 80 Mich. 443, 45 N. W. 368; *Galbraith v. Fleming,* 60
Mich. 403, 27 N. W. 581. The court ruled in this case that
an issue of self-defense was raised by the pleadings, and sub-
mitted it to the jury upon the evidence. But, since a new
trial must be ordered, it will be best to ascertain if this proof
pertaining to plaintiff's general reputation is material and
competent to aid the jury in ascertaining the compensatory
damages. Plaintiff asked for full compensatory damages,
which includes the element of compensation for injury to his
feelings resulting from the sense of humiliation and disgrace
to which he had been subjected by this affray. In awarding
him remuneration for the injury, the jury were required to
measure the extent of his suffering in this respect by ascer-
taining to what degree the affair affected his moral sensibili-
ties and caused him anguish of mind. In solving this ques-
tion, plaintiff's disposition would have a bearing as showing
what suffering, if any, he had endured, resulting from his
sense of humiliation and disgrace. As above stated, parties
to civil actions for damages are not permitted to go into the
question of the complainant's character for the purpose of
showing his damages, except it be directly in issue. This evi-
dence, however, is not excluded because it is irrelevant to the
inquiry, but because a trial of character for that purpose
would be an unfair surprise to the plaintiff, and would preju-
dice the jury, and would result in an undue waste of time.
Since proof of plaintiff's exceptional character was provable
and competent under the issue of self-defense, there is no rea-
son why such proof may not be considered by the jury, with

other relevant testimony, in determining what compensation he is entitled to recover for injury to his feelings.

Another exception urged to the charge is that the court erred in giving the following instruction on the subject of punitory damages:

"If, for instance, the plaintiff and defendant met, and there was provocation in what occurred between them growing out of a dispute about a business matter at the time, and the defendant, moved by a sudden impulse, turned and struck the plaintiff, and that is all that happened, then you would not be justified in punishing the defendant by what are called exemplary damages. That would be the ordinary case of business men getting into a dispute over a business matter, and one of them becoming angry, and on the impulse of the moment striking the other. So, if you find that was the situation here—that the defendant, without previous malice, and not wantonly, became angry over a business transaction, having provocation as reasonably appeared to him, and on the impulse of the moment he struck the plaintiff—then I say to you, gentlemen, that you would not be justified in assessing any exemplary damages."

We think this instruction was clearly erroneous. The facts and circumstances covered by the instruction, under which the jury were directed to allow no punitory damages, were such from which the jury might reasonably have drawn the inference that the defendant acted maliciously and wantonly in assaulting the plaintiff. The jury were, in effect, directed that, since this altercation arose out of a business transaction, which led defendant to beat plaintiff, it refuted all inferences of malicious or wanton conduct. The instruction seems to have been framed in the idea that under no reasonable inference from the evidence could it be said that defendant acted maliciously and wantonly in striking the plaintiff, unless it appeared that he harbored malice against him before the altercation resulting in the affray. It was not necessary that defendant be imbued with malice for any

length of time before the assault to subject him to punishment by way of enhancing the damages. If malice prompted the assault, though it existed but for a moment before the blow was struck, then exemplary damages may be awarded. The instruction failed to give the jury the correct rule on the subject, and may have been prejudicial to plaintiff's rights. The fact that no punitory damages were awarded may have resulted from the erroneous instruction.

It is insisted that the court should have granted a new trial upon the ground that the compensatory damages awarded are wholly inadequate for the injuries proven to have been sustained. The evidence as to the injuries conflicts in many material and important respects. The case is of such a nature, and the facts and circumstances are such, that varying conclusions may reasonably be reached, depending largely upon what the jury found actually took place at the time of the affray, and in what respect and to what extent plaintiff suffered. We cannot say that the jury acted perversely in fixing the amount of the compensation.

Other questions discussed by counsel are not likely to arise upon another trial, and therefore need not be considered.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.