EMMA J. P. CAMPBELL v. MARTIN AARSTAD and Another.[1]

January 9, 1914.

Nos. 18,372—(179).

**Assault and battery — evidence inadmissible.**

1. Where, in a civil action for assault and battery, no question arises as to which party was the aggressor and the issue is defense of self or property, plaintiff's reputation for turbulence or violence, uncommunicated to defendant, is inadmissible.

**Cross-examination on collateral matters.**

2. The trial court did not abuse its discretion in allowing plaintiff to be interrogated on cross-examination as to a prior independent assault committed by her upon a third person, such being within the permissible field of examination as to collateral matters to shake credibility; but it was

1 Reported in 144 N. W. 956.

---

Note.—On the question of the admissibility, generally, of evidence of plaintiff's character in action for assault, see note in 14 L.R.A.(N.S.) 753.

improper to allow defendant subsequently to introduce testimony contradicting the answers so elicited.

Action in the district court for Beltrami county against Martin Aarstad and Lauritz Ask to recover $6,000 for assault and battery. The case was tried before Stanton, J., and a jury which returned a verdict in favor of defendants. From an order denying her motion for a new trial, plaintiff appealed. Reversed.

*Montreville J. Brown,* for appellant.

*E. E. McDonald* and *Thomas Keefe,* for respondents.

PHILIP E. BROWN, J.

Plaintiff appealed from an order denying a new trial after verdict for defendants, in an action to recover damages for assault and battery, her claim being against Aarstad as principal and Ask as abettor. The former justified, charging plaintiff with unlawful interference with his real and personal property, and claimed he used no unnecessary force in protecting himself and property from injury. Ask interposed a general denial.

It appeared that plaintiff and defendant Aarstad both claimed the right to possession of, and the hay on, a meadow owned by the latter, and while he was in possession, cutting grass thereon, the former interfered with his work by seizing the reins of his horses and otherwise conducting herself so as to prevent him from continuing his work. Thereupon he laid hands on her several times, considerably bruising her. Plaintiff was the aggressor, and the case turned on the questions whether Aarstad used unnecessary force, and whether Ask incited or encouraged it. These matters were clearly for the jury, and the court so submitted them.

1. Several witnesses were permitted to testify, over the plaintiff's objections and exceptions, that her reputation for quarrelsomeness was bad, but there was no proof of knowledge thereof on the part of defendants at the time the alleged assault occurred. The jury were directed to consider this evidence. Plaintiff challenges its competency and the charge thereon.

It is a general rule of evidence that the character of parties to a

civil action is inadmissible unless directly in issue. Hein v. Holdridge, 78 Minn. 468, 472, 81 N. W. 522; 1 Wigmore, Ev. § 64. Where, as in the present case, no question arises as to which party was the aggressor, and the issue is defense of self or property, evidence of plaintiff's reputation for turbulence or violence, uncommunicated to defendant, is almost always, if not universally, held to come within the rule and to be inadmissible. State v. Dumphey, 4 Minn. 340 (438), 101 N. W. 381; Lowe v. Ring, 123 Wis. 107, 114 N. W. 1023; Dannenberg v. Berkner, 118 Ga. 885, 45 S. E. 682; People v. Kirk, 151 Mich. 253, 114 N. W. 1023; 1 Wigmore, Ev. § 63, n. 1, and § 64.

Courts have frequently recognized an exception under like issues when controversy exists concerning which was aggressor, and evidence both as to the fact of and the reputation for quarrelsomeness, if known to the party alleging self defense at the time of the assault, has been permitted to strengthen such claim. The reasons assigned for exclusion are that a quarrelsome person may have a good case, which should not be jeopardized by prejudice engendered by proof of his general character; and, further, that defendant's conduct could in nowise be deemed influenced by unknown facts. In Hein v. Holdridge, supra, a civil action for seduction, the general rule referred to was recognized, but an exception was declared, and defendant's reputation for chastity was held proper. The holding, however, was based largely upon the doctrine of stare decisis, following Schuek v. Hagar, 24 Minn. 339, and civil actions for simple assaults, fraud, and the like, were expressly excluded therefrom. It logically follows that this debarment requires, for similar reasons, application of the general rule, where establishment of plaintiff's bad character is attempted in any action of the class mentioned; for the same basis of relevancy exists as to both parties, namely, the unlikelihood of one possessing the character claimed doing, or refraining from, a particular act, and vice versa.

The exception to the general rule has, of necessity, also been frequently allowed in criminal, especially homicide, cases, as tending to throw light on self defense and bearing on reasonable doubt. See 1 Wigmore, Ev. § 63; 124 Am. St. 1018, note; 3 L.R.A.(N.S.)

351, note. Its dangerous character, however, is universally recognized as likely to obscure the real issues, with resulting unjust verdicts; and we are satisfied, both on authority and principle, the exception admitting it should not be extended to the present case. However, we must not be understood as outlining applications or limitations of the exception with regard to either civil or criminal actions, further than is necessary to determine the questions here involved. These matters are of great practical importance, and should be determined only after full argument.

Error resulted both in admission of this testimony and in the charge; and we cannot hold that the jury were not influenced thereby to plaintiff's prejudice.

2. Defendants were permitted, over objection, to draw from plaintiff, on cross-examination, an admission of an independent assault previously committed by her upon a third person. This occurrence was neither an issue nor relevant, having no tendency to elucidate the question of the use of excessive force. How far a party may be interrogated as to collateral matters for the purpose of shaking his credibility by injuring his character, must be left largely to the sound discretion of the trial court, with which this court will not interfere except for abuse (State v. McCoy, 112 Minn. 424, 427, 128 N. W. 465), which we do not find here. But the answers so elicited cannot subsequently be contradicted by the interrogating party. 3 Dunnell, Minn. Dig. § 10348d; Reynolds Stephens, Ev. Art. 130. The test of collaterality is: Would the cross-examining party be entitled to prove the fact as a part of his case tending to establish his cause of action or defense? See George Burke Co. v. Fowler, 4 Neb. (Unoff.) 122, 93 N. W. 760. Measured by this standard, the testimony subsequently introduced by defendants in relation to the prior assault was inadmissible, and, we may add, improper as detailing occurrences irrelevant to the litigation. See Lowe v. Ring, supra.

Order reversed.


Chief Justice Brown took no part.