BENNETT v. KOWENSTRAT.

ASSAULT AND BATTERY—DEFENSES—EVIDENCE—PLAINTIFF'S REPUTATION NOT IN ISSUE.

In action for assault and battery, where plaintiff's character as law-abiding citizen was not in issue under pleadings, admission of testimony that his reputation was bad was reversible error.

Error to Wayne; Collins (Joseph H.), J., presiding. Submitted October 24, 1930. (Docket No. 64, Calendar No. 35,224.) Decided January 7, 1931.

Case by John Bennett against Bernhard J. Kowenstrat for assault and battery. Judgment for defendant. Plaintiff brings error. Reversed.

*Harry J. Lippman,* for plaintiff.

McDONALD, J. This is an action for damages resulting from an assault and battery. The defendant claims justification by way of self-defense. Judgment was entered for the defendant on a verdict of no cause of action. The plaintiff has brought error.

The first assignment discussed relates to the ruling of the court in admitting evidence that the reputation of the plaintiff as a law-abiding citizen was bad.

Testimony as to his reputation was not admissible. It was not an issue in this case. If it were bad, the defendant did not know it, and, if he did not know it, his conduct at the time of the assault could not have been influenced thereby. In *Culley* v. *Walkeen,* 80 Mich. 443, it is said:

"In ordinary actions of assault and battery we have held that character was not in issue, unless made so by the pleadings. *Fahey* v. *Crotty,* 63 Mich. 383 (6 Am. St. Rep. 305). Where justification, by way of self-defense, is pleaded, it is competent to show the character of the opposite party as to being quarrelsome or otherwise, when such fact has been brought to the knowledge of the defendant prior to the assault complained of. *Galbraith* v. *Fleming,* 60 Mich. 403. But unless such fact, within the knowledge of another person, is brought to the knowledge of defendant before the affray, it could not possibly have influenced his mind or actions, and would be irrelevant."

Other and later cases might be cited all of which hold that, before such testimony is admissible, it

must appear the defendant had knowledge of his adversary's bad reputation as a peaceable and law-abiding citizen. The nature and effect of such testimony, if improperly admitted, constitutes reversible error.

There are no other assignments of merit. The judgment is reversed, with costs to the plaintiff. A new trial is granted.

Butzel, C. J., and Wiest, Clark, Potter, Sharpe, North, and Fead, JJ., concurred.