[Crim. No. 3896. Fourth Dist., Div. Two. Aug. 7, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
NORMAN CHARLES BYERS, Defendant and Appellant.

## COUNSEL

Bertram L. Spears, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Melvin R. Segal, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**GABBERT, J.**—Appellant and five codefendants were charged by information with one count of rape (Pen. Code, § 261, subd. 3) and one count of oral copulation (Pen. Code, § 288a). Defendant was found guilty of both offenses after a jury trial. His motions for new trial and probation were denied and he was sentenced to state prison for the term prescribed by law on the count for rape, the sentence on the count of oral copulation was suspended by order of the court. Defendant appeals from the judgment of conviction and the verdict.[1]

This court has reviewed the extensive record in this case and we conclude that there is more than sufficient evidence which if believed by the jury would be adequate to support the guilty verdicts. We will not set out a lengthy discussion of the facts but will give a brief summary.

The victim, a young girl, testified as follows: In March 1969 she attended a party in a remote desert area near Barstow; a number of the members of a local motorcycle club including defendant were present at the party; the girl had previously known several of those who were present including the defendant; during the course of the party, despite her resistance, she was forced to engage in sexual intercourse with the defendant and several other men who were present; she was also forced to orally copu-

[1]No appeal lies from a verdict and we treat this appeal as one from the judgment. (Pen. Code, § 1237; *People* v. *Spencer,* 71 Cal.2d 933, 934 [80 Cal.Rptr. 99, 458 P.2d 43]; *People* v. *Croxton,* 162 Cal.App.2d 187, 189 [327 P.2d 611].)

late a number of the men including the defendant; she was physically assaulted and sustained bruises, abrasions and a sprained hand.

Defendant, testifying in his own behalf, stated he was present at the party but had left for home prior to the time the girl alleged she was raped. Other witnesses testified on behalf of the defendant and supported his assertion that he had departed from the area prior to any attack on the victim.

### WAS IT ERROR FOR THE TRIAL COURT TO PROHIBIT THE DEFENSE FROM QUESTIONING THE VICTIM CONCERNING HER PRIOR SEXUAL ACTIVITIES?

During cross-examination of the victim the questioning by defense counsel was leading toward an exploration of the girl's previous sexual activities. An objection was made by the prosecution to this line of questioning which objection was sustained by the trial court. In a hearing out of the presence of the jury the court indicated that the defense could ask whether or not the victim had intercourse prior to the occasion in question, and then, only if she denied such experience, would the defense be allowed to pursue the matter further. The victim when asked whether she had had previous sexual intercourse replied in the affirmative. The defendant was not allowed to further question the girl on this matter.

Appellant now contends that the court erred in depriving him the opportunity to fully examine the victim as to prior sexual activity. The chastity of the victim is a proper subject of inquiry in a forcible rape case. The relevance of such evidence is that a lack of chastity may have a tendency to prove that the victim was more likely to consent to sexual intercourse than to resist. (See *Ballard* v. *Superior Court*, 64 Cal.2d 159, 172 [49 Cal.Rptr. 302, 410 P.2d 838, 18 A.L.R.3d 1416]; *People* v. *Shea*, 125 Cal. 151 [57 P. 885]; *People* v. *Walker*, 150 Cal.App.2d 594 [310 P.2d 110].)

The issue that arises in the present case is whether consent, and thus the victim's chastity, is at issue in a case of forcible rape wherein the defendant sets forth the defense of an alibi. The case of *People* v. *Battilana*, 52 Cal.App.2d 685, 696 [126 P.2d 923], suggests (by a quotation from 22 Ruling Case Law, page 1208) that when a defense in a forcible rape case is not based on a theory of consent but upon a denial by the defendant of intercourse with the victim, testimony as to the lack of chastity of the prosecutrix is immaterial.

An obvious problem which arises with a blanket application of such a rule is that, in some cases, it may force the defendant to make an election of a defense prematurely. For example, if the prosecution presents the vic-

tim as its first witness, which is usually the case, and on cross-examination the defendant is foreclosed from asking questions concerning the sexual background of the victim, he is in effect forced to establish the defense of alibi. This problem does not arise in the present case. It appears from the record, during a hearing in chambers, the court was aware the defendant intended to establish as a defense that he was not present at the party during the time the victim alleged the acts took place.

■  Under the Evidence Code in California the general rule is that all relevant evidence is admissible at trial. Notwithstanding that rule, the trial court has the discretion to exclude evidence if its probative value is substantially outweighed by the probability that its admission would create a substantial danger of undue prejudice. (Evid. Code, § 352.)  ■  In the present case the trial judge at the time of his ruling had been informed by the defendant that the defense of consent would not be presented. There is no authority for the proposition that a defendant is bound to a defense which he represents will be his sole defense. However, the court in ruling on admissibility of evidence must constantly weigh its probative value as against the prejudicial effect it may have on the jury. The probative value of the victim's prior chastity is minimal when it appears, as in this case, that the consent of the victim will not be raised as a defense.

We hold that the trial court did not abuse its discretion by denying defendant the opportunity to extensively question the victim as to her prior chastity because of the information it possessed at the time of the ruling as to defendant's probable alibi defense.

### Was Appellant Denied a Fair Trial Because of Various Newspaper Articles?

■  Defendant argues that newspaper publicity before and during the trial denied him a fair and impartial trial. In support of this argument defendant has attached three newspaper articles to his brief on appeal. There is no indication from what publication these came nor the dates on which they were published. The clippings were never specifically called to the attention of the trial court and are not a part of the record on appeal. There is some doubt about the propriety of our court even considering these articles. (*People* v. *Richardson,* 258 Cal.App.2d 23, 28 [65 Cal.Rptr. 487].)

■  We recognize the rule that "(d)ue process requires that an accused receive a fair trial by an impartial jury, free from outside influences. (*Sheppard* v. *Maxwell,* 384 U.S. 333, 362 [16 L.Ed.2d 600, 620, 86 S.Ct. 1507,

1522].)" (*People* v. *Richardson, supra,* 258 Cal.App.2d 23, at p. 28.) We are satisfied that the requirements of "due process" were satisfied in the instant case.

The alleged prejudicial pretrial publicity is not documented by any particular newspaper article but rather from the statement of a juror on *voir dire* that he vaguely remembered reading a newspaper article concerning members of a motorcycle club. He stated he read the headlines and not the article and it made no impression on him. Defendant's trial counsel exhaustively examined this juror as to his impartiality. The juror was not challenged for cause nor did counsel use a peremptory challenge to remove him.

"California law evinces a policy permitting acceptance of jurors who, after contact with pretrial news reports, commit themselves to impartiality and fairness. (Pen. Code, § 1076; *People* v. *Duncan,* 53 Cal.2d 803, 812-816 [3 Cal.Rptr. 351, 350 P.2d 103]; *People* v. *Daugherty,* 40 Cal.2d 876, 889-890 [256 P.2d 911].)" (*People* v. *Parker,* 235 Cal.App.2d 100, 105 [44 Cal.Rptr. 909].) This test was met in the instant case. (See *People* v. *McKee,* 265 Cal.App.2d 53 [71 Cal.Rptr. 26].) Apparently defendant believed a fair trial was possible as no motion for change of venue was made (See *Maine* v. *Superior Court,* 68 Cal.2d 375, 382-384 [66 Cal.Rptr. 724, 438 P.2d 372]), and no challenge was interposed as to the juror in question. (*People* v. *O'Brien,* 71 Cal.2d 394, 400 [78 Cal.Rptr. 202, 79 Cal. Rptr. 313, 455 P.2d 138, 456 P.2d 969].)

During trial one juror admitted reading one of the articles annexed to defendant's brief on appeal; the article was entitled "Jury Selection Under Way in Byers' Trial." A short article apparently appeared in a local newspaper on the second day of trial. Defendant moved for a mistrial on the ground the article referred to pleas of guilty entered by the codefendants. At the time of the motion defendant's counsel was referring to a later and different article but both articles contained the information regarding the guilty pleas.

The alleged offensive part of the article was as follows: "Byers [the defendant] was originally one of seven persons charged with the same two offenses. Five of the seven pleaded guilty to a lesser charge, and a sixth pleaded guilty to aiding and abetting another to commit them."

A juror stated, "Well, I just read the little headline; it was just a small, little article. But I didn't read all, you know all the details. It wasn't that big." The judge concluded based on this and the nature of the article the motion for mistrial should be denied.

The facts of the instant case closely parallel those in *People* v. *Black-*

*well,* 257 Cal.App.2d 313, 321-323 [64 Cal.Rptr. 642]. It was within the province of the trial judge, based on his examination of the juror, to conclude that the juror merely glanced at the article and it had made little impression on him. We are satisfied that defendant was not prejudiced by this publicity during the trial. (See *People* v. *Carter,* 56 Cal.2d 549, 572 [15 Cal.Rptr. 645, 364 P.2d 477].)

## PROBATION REPORT

■ Defendant next contends the probation officer's report was biased because it contained statements of two unidentified persons who had seen defendant having intercourse with the victim. The defendant claims he "is certain that his father did not talk to the probation officer the way the probation officer claims he did."

Defendant's contention is based on facts not contained in the record. The probation report has not been made part of the record on appeal, and, therefore, this matter is not properly before this court. (*People* v. *Merriam,* 66 Cal.2d 390, 396-397 [58 Cal.Rptr. 1, 426 P.2d 161].)

## ADEQUACY OF REPRESENTATION AT TRIAL

Defendant contends he was inadequately represented by counsel at trial. Specifically, he contends counsel allowed the deputy district attorney to lead the victim and during his closing argument defense counsel failed to point out various inconsistencies in the victim's testimony. Defendant further argues defense counsel should have called as alibi witnesses the six co-defendants who had entered pleas of guilty and should have submitted a written jury instruction that statutory rape was a necessarily lesser included offense.

■ We have carefully read defense counsel's closing argument to the jury. We are satisfied counsel made an able closing argument and we decline to speculate as to how counsel's argument might have been improved. Certainly not mentioning the points now raised by counsel on appeal did not reduce the trial to a "farce or sham." (*People* v. *Hill,* 70 Cal.2d 678, 689 [76 Cal.Rptr. 225, 452 P.2d 329]; *People* v. *Ibarra,* 60 Cal.2d 460, 464 [34 Cal.Rptr. 863, 386 P.2d 487].)

The same may be said of trial counsel's failure to object to certain leading questions of the victim by the prosecution. Defendant's trial counsel was confronted with a young girl as prosecutrix. To make frequent objections during the direct examination of this witness might well have engendered a negative attitude toward defendant in the minds of the jury. Clearly, this was a matter of trial tactics. (See *People* v. *Thompson,* 252 Cal.App.2d 76, 92 [60 Cal.Rptr. 203].)

■ "It is counsel's duty to investigate carefully all defenses of fact and of law that may be available to the defendant, and if his failure to do so results in withdrawing a crucial defense from the case, the defendant has not had the assistance to which he is entitled." (*People* v. *Ibarra, supra,* 60 Cal.2d 460, 464.) ■ Defendant argues that trial counsel's failure to request an instruction on statutory rape was violative of his duty to investigate all defenses available to defendant and amounted to inadequate representation.

There is no evidence in the record to indicate trial counsel was unaware the defendant could be found guilty of statutory rape. Counsel apparently believed a strong alibi defense had been presented. Substantial testimony was presented to this effect. Defendant's counsel may well have decided an instruction on statutory rape would prejudice his client by giving the jury a second chance to convict the defendant in the event they had a reasonable doubt about defendant's guilt of forcible rape. While a verdict of statutory rape would not be justified under defendant's theory of the case, juries have been known to make compromises of this sort. We are convinced that trial counsel was adequate under the rule of *People* v. *Ibarra, supra,* 60 Cal.2d 460.

The judgment of conviction is affirmed.

Tamura, Acting P. J., and Kerrigan, J., concurred.